THE PEOPLE *ex rel.* William A. Magee

*v.*

JOEL MCANALLY, Sheriff.

*Opinion filed April 17, 1906.*

HABEAS CORPUS—*no appeal lies where writ of habeas corpus is denied.* No appeal or writ of error lies where a petition for a writ of *habeas corpus* is denied in a proceeding between the People and an individual seeking liberty from alleged unlawful restraint, since the petitioner is not concluded by the order from making further applications for the writ to other courts. (*Cormack* v. *Marshall,* 211 Ill. 519, explained.)

APPEAL from the Circuit Court of Cumberland county; the Hon. M. W. THOMPSON, Judge, presiding.

W. E. KEELEY, for appellant.

WALTER BREWER, State's Attorney, LEVI N. BREWER, and LYLE DECIUS, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The relator, William A. Magee, presented to the circuit court of Cumberland county his petition for a writ of *habeas corpus,* setting forth that he was deprived of his liberty by appellee, as sheriff of said county, by virtue of a writ of execution issued by a justice of the peace upon a judgment against relator for $100 and costs of suit, in an action of debt at the suit of the People of the State of Illinois, for the use of the State Board of Health, for practicing medicine without a license, which judgment was not rendered on the verdict of a jury or a jury trial nor after a waiver of such trial by relator, and which writ commanded the appellee to commit the relator to the common jail of said county until said fine and costs should be paid. The court refused to issue the writ, but granted to relator an appeal from the

order of refusal upon his filing a bond, with security in the sum of $200, within thirty days. A bond was filed and approved and the record has been certified to this court.

The law does not permit an appeal or writ of error in a case of this kind. The law on that subject was settled in this State by the decision in the case of *Hammond* v. *People,* 32 Ill. 446, in which a writ of error was sued out of this court to the circuit court of Cook county to review a judgment in a *habeas corpus* proceeding brought by one who was imprisoned under writs of *capias ad satisfaciendum* issued on judgments in civil suits. The court said that a writ of error could not be maintained in England; that the current of authority in this country was largely against allowing it, and that it would not lie. The court held that the judgment in the *habeas corpus* proceeding was not of that final character that it could be reviewed on a writ of error, and also said (p. 456): "Again, our statute makes no distinction as to the effect of an order made by the court in session and a judge in vacation. If one is final, so is the other. If the parties have a right to prosecute a writ of error from the one they may from the other, and if so, how may the writ be obtained to the order of a judge in vacation, who is required to keep no record of the proceeding before him? It would seem to be attended with insuperable difficulties." In *Ex parte Thompson*, 93 Ill. 89, where the circuit court of Lee county had granted a writ of *habeas corpus* to Thompson, and upon the hearing had refused to discharge him and remanded him to the custody of the keeper of a calaboose, it was held that the writ of error which was sued out from this court to review the judgment would not lie, and it was dismissed.

The decision in the case of *Cormack* v. *Marshall,* 211 Ill. 519, is not authority for the position that an appeal or writ of error will lie in such a case. What was there held was that a *habeas corpus* proceeding for the custody of a child, between the parents or others asserting rights thereto,

is a private suit; that the order of the court or judge is a final
order and binding upon the parties so long as the same facts
and conditions exist as existed at the time of the hearing and
order, but where new facts have arisen or there has been a
change of conditions affecting the rights of the parties the
order is not final and conclusive, and constitutes no bar to
a second or any indefinite number of applications between the
same parties for the custody of the child. It was expressly
held that an appeal or writ of error in a case of this kind
would not lie, and in the following language (p. 524): "If
the question here presented were one between the individual
seeking his liberty from alleged unlawful restraint and the
people or the State insisting upon such restraint, then, by
an unbroken line of decisions in this State, we would be
free and bound to hold that an order in one proceeding be-
fore either a court or a judge thereof is not a final order from
which an appeal or writ of error would lie and could not be
pleaded as a bar to another or further proceeding,"—citing
the above authorities and the Encyclopedia of Pleading and
Practice. In that work the author of the chapter on Habeas
Corpus (vol. 9, p. 1072,) says: "Independent of statutory
provisions, the best doctrine appears to be that a decision in
a *habeas corpus* case is not of that final and conclusive char-
acter necessary to support a review by writ of error, and that
no right of appeal exists."

Manifestly, there is and can be no difference between the
order of a court and that of a judge in vacation in respect
to its binding and conclusive effect under the same condi-
tions, and the court so held in *Cormack* v. *Marshall,* saying:
"Adopting this view of the nature of the proceeding, the
court, and text writers as well, have uniformly taken the
view that in such proceeding the order of the court or judge
having competent jurisdiction is a final order, and binding
upon the parties under the same facts and so long as the same
conditions exist as did at the time of the order." In this case
there was no judgment and no order either discharging or

remanding the relator. The court merely refused to issue the writ, and upon no theory of the law could there be an appeal from such refusal. The relator was still at liberty after the refusal to make any number of applications to other courts or judges, and the refusal of the circuit court of Cumberland county to issue the writ would be no bar to such applications.

The appeal was improperly allowed, and it is dismissed.

*Appeal dismissed.*