## WHITE *v.* RAGEN, WARDEN.

NO. 212.

Argued March 29, April 2, 1945.—Decided April 23, 1945.

*Mr. Wilber G. Katz* for petitioners.

*William C. Wines,* Assistant Attorney General of Illinois, with whom *George F. Barrett,* Attorney General, was on the brief, for respondent.

PER CURIAM.

In these cases, petitioners moved in the Supreme Court of Illinois for leave to file their petitions for habeas corpus. Both petitioners are in the custody of respondent, under sentences upon state convictions. In each case, the Illinois court, without requiring an answer from respondent, without appointing an attorney to represent petitioners,

and without giving any reasons for its action, denied leave to file the petitions. We granted certiorari, *in forma pauperis,* 323 U. S. 704, because the petitions alleged facts showing prima facie violations of petitioners' rights guaranteed by the federal Constitution, and in order to consider whether the State of Illinois affords corrective process for such violations of constitutional right.[1] On application of the petitioners, counsel was appointed to represent them in this Court.

Petitioner White, in No. 212, alleged in his petition for habeas corpus that two indictments for "obtaining money and goods by means of the confidence game" were returned against him in the state Criminal Court; that the court, in advance of the trial, appointed counsel to represent petitioner, but that the person so appointed did not confer with petitioner until they came to court for the trial; that then counsel refused to do anything for petitioner unless petitioner had some money; that in particular peti-

---

[1] In the last two terms of this Court, to April 21, 1945, 225 petitions for certiorari have been filed to review the denial by the Illinois Supreme Court of leave to file petitions for habeas corpus. From our examination of these applications, it appears that in no case did the Supreme Court of Illinois depart from the practice of denying leave to file without calling for a response and without opinion. Many of these applications disclosed that the petitioners had previously made application to one or more circuit or criminal courts in Illinois, where in the large majority of cases their petitions were denied without calling for a response or appointing an attorney, and without giving any reason for the denial other than the statement in some cases that the court lacked jurisdiction. In a few of these lower court cases, in which attorneys were appointed to represent the petitioners, the petitions were denied without further proceedings.

It also has come to the attention of this Court that for some years the warden of the Illinois State Penitentiary, contrary to *Ex parte Hull,* 312 U. S. 546, denied the rights of prisoners to access to the courts unless they procured counsel to represent them. See *United States ex rel. Foley* v. *Ragen,* 52 F. Supp. 265, 143 F. 2d 774; *United States ex rel. Bongiorno* v. *Ragen,* 54 F. Supp. 973.

tioner asked counsel to have one witness called in his behalf but counsel replied that "he did not have time, as he had a case in another Court, and for me to plead guilty, as the Judge would not give me a continuance." The petition for habeas corpus further alleged that petitioner asked the trial judge "to continue the proceedings so he could have time to call a witness, and confer with his attorney"; that the judge then told petitioner "to keep still, as his lawyer would do all the talking for him" and "thereupon the attorney pleaded the petitioner guilty to two indictments," on which he was given sentences of from one to ten years, to be served concurrently; and that petitioner was thereby denied the assistance of counsel in a criminal trial in violation of the Fourteenth Amendment.

The petition for habeas corpus of petitioner Lutz, in No. 259, alleged that he was tried and convicted for the crime of murder in the state Circuit Court; that he was sentenced to life imprisonment; and that his trial and conviction were without due process in violation of the Fourteenth Amendment, in that his conviction was obtained by the use of false testimony of two witnesses for the state. It was alleged that the prosecuting attorney induced and procured this testimony by bribery of the witnesses; and that he introduced it at the trial, with knowledge that it was false. Attached to the petition are the affidavits of the two witnesses in question, each stating that his testimony at the trial was false and that he was bribed to give it by the prosecuting attorney. The affidavits of two other persons, also attached to the petition, tend to corroborate the affidavits of the two witnesses.

Since the Supreme Court of Illinois dismissed both petitions without requiring respondent to answer, we must assume that the petitioners' allegations are true. *Williams* v. *Kaiser*, 323 U. S. 471, 473–474; *House* v. *Mayo*, 324 U. S. 42. We have many times repeated that not only does due process require that a defendant, on trial in a

state court upon a serious criminal charge and unable to defend himself, shall have the benefit of counsel, compare *Williams* v. *Kaiser, supra, Tomkins* v. *Missouri,* 323 U. S. 485 and *Rice* v. *Olson, post,* p. 786, with *Betts* v. *Brady,* 316 U. S. 455, but that it is a denial of the accused's constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel. *Powell* v. *Alabama,* 287 U. S. 45; *Avery* v. *Alabama,* 308 U. S. 444; *Ex parte Hawk,* 321 U. S. 114, 115–116; *House* v. *Mayo, supra.* And we have often pointed out that a conviction, secured by the use of perjured testimony known to be such by the prosecuting attorney, is a denial of due process. *Mooney* v. *Holohan,* 294 U. S. 103; *Pyle* v. *Kansas,* 317 U. S. 213; cf. *New York ex rel. Whitman* v. *Wilson,* 318 U. S. 688. It follows that the allegations of fact in the petitions are sufficient to make out prima facie cases of violation of these constitutional rights of petitioners, sufficient to invoke corrective process in some court, and in the federal district court if none is afforded by the state.

The availability of such a remedy in the federal district court, turning as it does on the exhaustion of state corrective processes, see *Mooney* v. *Holohan, supra; Ex parte Hawk, supra,* 116–117, may also depend upon an application to this Court to review the decision of the state court, and upon the disposition of such an application here. Where the highest state court in which a decision could be had considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal district court, unless the federal question involved is presented to this Court on certiorari or appeal from the state court decision. *Ex parte Hawk, supra,* 116–117.

If this Court denies certiorari after a state court decision on the merits, or if it reviews the case on the merits, a fed-

eral district court will not usually reexamine on habeas corpus the questions thus adjudicated. *Ex parte Hawk, supra,* 118. But where the decision of the state court is that the remedy of habeas corpus is not available under the state practice, or its decision is based upon some other adequate non-federal ground, it is unnecessary for the petitioner to ask this Court for certiorari in order to exhaust his state remedies, since we would lack jurisdiction to review the decision of the state court; and the denial of certiorari by this Court would not preclude a district court from inquiring into the federal question presented to, but not considered by, the state court. See *House* v. *Mayo, supra,* 48. Hence, when this Court denies or dismisses certiorari in this type of case, without passing on the merits, it may, as in the present case, be of importance to the administration of justice in the federal district courts, that we indicate authoritatively for their guidance the view we take of the availability of the state remedies, and the reasons for our decision.

On the argument of these cases in this Court the Attorney General of Illinois urged that the writs of certiorari be dismissed for want of our jurisdiction to entertain them. It was argued, *inter alia,* that the record in each case, when read in the light of the Illinois law, indicates that the judgment of the state Supreme Court, denying leave to file, did not decide any federal question or at least that the record fails to show that the judgment does not rest on a state ground adequate to support it. But the Supreme Court of Illinois has not stated the grounds for its denial of the petitions for habeas corpus, and examination of the record leaves us in doubt as to whether it decided the federal questions presented by the petitions, or whether decision turned upon state grounds.

In support of respondent's contention that the judgments of the Illinois Supreme Court rest upon a non-federal ground, our attention is directed to the decision of that

court, rendered on March 22, 1945, in the case of *People ex rel. Swolley* v. *Ragen*, 390 Ill. 106. There, as here, the Supreme Court of Illinois denied leave to file a petition for a writ of habeas corpus, without requiring respondent to answer. In denying the relief sought, the court made an "announcement" to be filed with the record in the case, with respect to its practice upon original applications for habeas corpus in that court. In its announcement it declared: "Any petition which raises questions of fact only will not be considered. This court does not try questions of fact."

In that case there was no answer or response to the petition and hence no issue of fact had been raised. Dismissal of the petition might therefore involve a decision on the legal sufficiency of the facts alleged in the petition. Since there were no issues of fact at that stage of the proceeding, and since a question of law, the legal sufficiency of the petition, is always then present, we must take it, as the Attorney General of Illinois states, that the court's announcement means that the Supreme Court of the state will not entertain original applications for habeas corpus, save on a record which excludes on its face the possibility of any trial in that court of an issue of fact.[2] In the face of the announcement, evidently intended to settle the practice upon petitions for habeas corpus in that court, and in the absence of any opinion indicating that decision in the present cases turned on a federal question, we cannot say that the refusal to entertain the petitions for habeas corpus in these cases does not rest on an adequate non-federal ground. For that reason, we

---

[2] Apparently the practice of the Illinois Supreme Court was not heretofore so restricted. Cf. *People ex rel. Day* v. *Lewis*, 376 Ill. 509, 34 N. E. 2d 712, where the court called for a return to a petition which alleged arbitrary action by state officers in revoking petitioner's "good-time" credit.

must dismiss these writs of certiorari. We do not reach the alternative argument, made by the Attorney General, that petitioners' remedy in the state courts is not habeas corpus, but the statutory substitute for the writ of error coram nobis, Ill. Civil Practice Act, § 72, and that the two remedies are mutually exclusive.

It follows that whenever the Illinois Supreme Court denies a petition for the writ originally filed in that court, without opinion or other indication of the ground of its decision, and when the petition relies on allegations of fact to raise federal questions, it is unnecessary for the petitioner, in order to exhaust his state remedies, to apply to this Court for certiorari to review the judgment of the Supreme Court of Illinois. A denial of certiorari by this Court in such circumstances does not bar an application to a federal district court for the relief, grounded on federal rights, which the Supreme Court of Illinois has denied. But any other state remedies, if available, must be exhausted before any application to the federal district court. *Ex parte Hawk, supra,* 116–117.

Petitioner White had made an earlier application for habeas corpus to the Criminal Court of Cook County. On the argument, counsel for petitioner White asked that in the event it be decided that the Illinois Supreme Court's decision was based upon an adequate non-federal ground, his petition for certiorari be treated as seeking review of the decision of the Criminal Court.[3] We are unable to do

---

[3] A denial of habeas corpus by the lower state courts in Illinois, which have jurisdiction concurrent with that of the State Supreme Court to issue habeas corpus, see Ill. Ann. Stat. (Smith-Hurd), ch. 65, § 2; *People* v. *Superior Court,* 234 Ill. 186, 197, 84 N. E. 875, appears not to be reviewable by the Illinois Supreme Court. See *People* v. *McAnally,* 221 Ill. 66, 77 N. E. 544; *People* v. *Siman,* 284 Ill. 28, 119 N. E. 940. For purposes of review here under § 237 of the Judicial Code, 28 U. S. C. § 344, the denial of habeas corpus by one of the

so, since we do not have before us the petition in the Criminal Court, and its contents do not otherwise appear of record.

*Dismissed.*

MR. JUSTICE ROBERTS concurs in the result.

---

lower courts of Illinois, not reviewable in any other state court, is a decision by the highest court of the state in which a decision could be had. *Betts* v. *Brady*, 316 U. S. 455; cf. *Largent* v. *Texas*, 318 U. S. 418. And it follows from the lack of a remedy in the Illinois Supreme Court in such a case, that an original application to that court for the writ is not prerequisite to review here of the decision of the lower state court. Cf. *Tenner* v. *Dullea*, 314 U. S. 692.