## DAVIS v. SMYTH.

No. 1794.

District Court, E. D. Virginia, Richmond Division.

Dec. 5, 1945.

W. A. Hall, Jr., of Richmond, Va., for appellant.

M. Ray Doubles, Asst. Atty. Gen. of Virginia (Abram P. Staples, Atty. Gen. of Virginia, on the brief), for appellee.

POLLARD, District Judge.

The petitioner, Willie Davis, filed in this Court on November 16, 1945, a petition for a writ of habeas corpus, alleging that he was being restrained of his liberty by the respondent, the Superintendent of the Virginia State Penitentiary, under a judgment of a circuit court of the Commonwealth of Virginia entered in violation of the petitioner's rights under the due process clause of the Fourteenth Amendment of the Constitution of the United States. The petition also alleges that the petitioner has exhausted his remedies in the courts of the Commonwealth of Virginia. Specifically, the petition alleges that petitioner had applied to the Law and Equity Court of the City of Richmond for a writ of habeas corpus; that the said Court had refused to issue said writ; that from said order petitioner had applied to the Supreme Court of Appeals of Virginia for a writ of error which was denied; that the facts upon which relief is sought in this Court are the same as those contained in the

314

petition filed in the state court. There is no allegation that the petitioner has applied for certiorari or appeal to the Supreme Court of the United States to review the proceedings in the state courts.

Upon the filing of the petition I entered an order directing the respondent to appear before this Court on November 30, 1945, and show cause why a writ of habeas corpus should not be issued in accordance with the prayer of said petition. The respondent appeared on the designated day and filed an answer to the petition and a motion to discharge the rule and to dismiss the petition. The answer denies that the petitioner is being unlawfully restrained of his liberty. Filed with the answer is a transcript of the record of the proceedings in the Law and Equity Court as well as the Supreme Court of Appeals of Virginia from which it appears that the Law and Equity Court, after a hearing on a rule to show cause why such writ should not issue, refused to issue said writ. The transcript further shows that the Supreme Court of Appeals examined the record of the proceedings had before the Law and Equity Court and by its order affirmed, as plainly right, the action of that court in refusing to issue the writ.

The motion to discharge the rule and to dismiss the petition is based on the contention that it appears from the petition and the answer and the exhibit filed therewith that a writ of habeas corpus in a federal District Court is not available to the petitioner. I think such contention is sound.

■ The availability of a writ of habeas corpus in a federal District Court where the petitioner is detained under the judgment of a state court turns on the exhaustion of state corrective processes and may also depend upon an application to the Supreme Court of the United States to review the decision of the state court. Where the highest state court in which a decision can be had considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal District Court unless the federal question involved is presented to the Supreme Court of the United States on certiorari or appeal from the state court decision. White v. Ragen, Warden, 324 U.S. 760, 65 S.Ct. 978; Sanderlin v. Smyth, Superintendent, 4 Cir., 138 F.2d 729.

■ That the Supreme Court of Appeals of Virginia considered and adjudicated the merits of the federal questions raised in the petition filed in the state court (which are the same raised in the petition filed in this court) cannot be doubted. The order entered by the Supreme Court of Appeals of Virginia, after reciting that the transcript of the proceedings before the Law and Equity Court had been inspected and considered, affirms as plainly right the action of the latter court in refusing to issue a writ of habeas corpus. Under such circumstances a writ of habeas corpus was not available to the petitioner in this court and it was the duty of the petitioner to seek a review of the decision of the Supreme Court of Appeals of Virginia on the federal questions involved by appeal or certiorari to the Supreme Court of the United States.

An order may be presented after reasonable notice discharging the rule issued on November 16, 1945, and dismissing the petition.