GORDON v. SCUDDER, Superintendent of the California Institution for Men Located at Chino, Cal.

No. 11563.

Circuit Court of Appeals, Ninth Circuit.
Aug. 26, 1947.
Writ of Certiorari Denied Nov. 24, 1947.
See 68 S.Ct. 208.

---

[12] See H. Rep. No. 1383, 73d. Cong., 2nd Sess. (1934) 13-14. Also see S. Rep. No. 792, 73rd Cong., 2nd Sess. (1934) 12.

See also 160 F.2d 574.

Maurice Gordon, of Los Angeles, Cal., for appellant.

Fred N. Howser, Atty. Gen., of California, and Frank Richards, Deputy Atty. Gen., for appellee.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant was convicted on several counts of an indictment charging a con- spiracy to cheat and defraud, to obtain money and property by false pretenses, and substantive theft. The case was tried in the Superior Court of Los Angeles County, State of California, and appellant was by said court sentenced to serve a term of imprisonment, and is now incarcerated, pursuant to said sentence.

Appellant appealed from the judgment of conviction to the District Court of Appeal of the State of California, Second Appellate District. 163 P.2d 110. Said appellate court affirmed the convictions on all counts. Appellant petitioned the Supreme Court of California for a hearing, which was denied.

Thereafter, appellant filed in the said District Court of Appeal a motion to recall its remittitur, said motion being based on the alleged mistake and misapprehension of the District Court of Appeal as to the facts contained in the trial record This motion was denied.

On March 8, 1946, appellant once again applied to the Supreme Court of California for a review of the order of the District Court of Appeal denying the motion to recall its remittitur. This application was also denied.

On August 6, 1946, appellant applied to the Supreme Court of California for a writ of habeas corpus. His application was denied without opinion.

Appellant then applied to the United States District Court in and for the Northern District of California for a writ of habeas corpus, which was denied, and thereafter applied to the District Court of the United States for the Southern District of California, Central Division, for a writ of habeas corpus, alleging the same grounds as were alleged in the application to the United States District Court for the Northern District of California. The application to United States District Court of California for the Southern District, Central Division, was denied. This appeal is from that order.

Our first inquiry is: Has the appellant exhausted his remedies in the state courts of California? Firmly established is the rule that a federal court will enter-

tain a writ of habeas corpus by one detained under a state court judgment only after he has exhausted his remedies in the state courts, including such remedies as he may have by appeal or application for a writ of certiorari to the Supreme Court of the United States.[1]

Federal courts consider the delicacy of the jurisdiction granted them whereby a person indicted and convicted by a state court and subject to its laws may, by decision of a single federal judge, be taken from the custody of state officers and discharged therefrom.[2]

■ It is only in exceptional cases of peculiar urgency that the due and orderly administration of justice in the state court will be interfered with. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

In the instant case, following the dismissal of appellant's petition for a writ of habeas corpus by the Supreme Court of the State of California, no appeal or petition for certiorari was taken or filed in the Supreme Court of the United States.

It is appellant's contention that such an appeal or petition for certiorari was unnecessary in order to exhaust his state remedies. This because the Supreme Court of California denied his petition for habeas corpus without opinion. Appellant relies upon the case of White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 982, 89 L.Ed. 1348, and quotes the following therefrom: " * * * in the absence of any opinion indicating that decision in the present cases turned on a federal question, we cannot say that the refusal to entertain the petitions for habeas corpus in these cases does not rest on an adequate non-federal ground * * *."

■ The Supreme Court, in the case of White v. Ragen, supra, was dealing with a case from Illinois, and held that by reason of a rule adopted by the Supreme Court of Illinois to the effect that the said Illinois Supreme Court would not consider petitions for habeas corpus wherein questions of fact are relied on, the said Illinois Supreme Court was enabled to dispose of a petition for habeas corpus on an adequate non-federal ground; that where the Supreme Court of the United States is asked to review a petition for habeas corpus denied by the Supreme Court of Illinois without opinion and said petition presents on its face questions of fact, it, the Supreme Court of the United States, cannot say that the denial of the writ by the Supreme Court of Illinois did not rest upon an adequate non-federal ground. Essential to the jurisdiction of the Supreme Court of the United States to review a decision of a state court is a showing on the face of the record that a federal question was presented and that "its decision of the federal question was necessary to the determination of the cause; that the federal question was actually decided or that the judgment as rendered could not have been given without deciding it". Williams v. Kaiser, 323 U.S. 471, 482, 65 S.Ct. 363, 369, 89 L.Ed. 398.[3]

■ The Supreme Court of California has no rule relative to hearings on petitions for habeas corpus such as exists in the state of Illinois. The California court received, considered and rendered a decision on appellant's petition. From the face of the petition it affirmatively appears that a federal question was presented, viz.: That appellant had been deprived of certain rights guaranteed by the Fourteenth Amendment to the Constitution of the United States. The petition also charged that appellant had been deprived of certain rights guaranteed him by the state constitution of California. Thus on the face of the petition federal and non-federal questions appear and a decision as to each was necessary to the determination of the cause. A decision that in appellant's trial no right under the state constitution had been denied him would still leave demanding attention and decision the question of whether appellant had been denied rights

[1] Ex parte Hawk, 321 U.S. 114, 64 S. Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 762, 65 S.Ct. 978, 88 L.Ed. 1348.

[2] Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Makowski v. Bensen, 6 Cir., 158 F.2d 158.

[3] De Saussure v. Gaillard, 127 U.S. 216, 234, 8 S.Ct. 1053, 32 L.Ed. 125; Johnson v. Risk, 137 U.S. 300, 306, 307, 11 S.Ct. 111, 34 L.Ed. 683.

guaranteed by the Fourteenth Amendment and the judgment denying the writ could not have been rendered without deciding it.

Order affirmed.