260

## BIRD v. SMITH, Superintendent of Washington State Penitentiary.

### No. 141, Miscellaneous.

United States Court of Appeals
Ninth Circuit.

June 7, 1949.

Murray E. Taggart, Walla Walla, Wash., for petitioner.

Smith Troy, Attorney Gen. of Washington, C. John Newlands, Asst. Atty.Gen., of Washington, and Patrick M. Steele, Prosecuting Attorney, Tacoma, Wash., for respondent.

DENMAN, Chief Judge.

Bird petitions me as Chief Judge of the United States Court of Appeals for the Ninth Circuit for a certificate of probable cause of appeal from the judgment of the United States District Court for the Eastern District of Washington denying him a writ of habeas corpus.

Bird is convicted of first degree murder in the Superior Court of the State of Washington in and for Pierce County and sentenced to be hanged. The federal question raised in his application for the writ is his claim that a confession was extracted from him by a beating by a police officer while being taken to jail from his apprehension by two other officers, shortly after the murder of two women in the course of the robbery of their home.

The State contends and the record shows that the issue as to the claimed coercion was tried by the Washington superior court and reviewed on appeal by the Washington supreme court on the same evidence as that introduced and sought to be introduced before the district court in the habeas corpus proceeding. State v. Bird, Wash., 198 P.2d 978.

Certiorari was sought and Bird's brief in the United States Supreme Court sets forth the same evidence as in the state proceedings. Certiorari was denied, 336 U.S. 954, 69 S.Ct. 876. On rehearing it was denied again, 69 S.Ct. 1040.

Bird's counsel claims that these denials of certiorari are no indication of the Supreme Court's views on the issue of the claimed coercion, citing White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348. In that case, however, the federal question was held not to have been decided by the state court. Here it was and the case falls within Ex parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 844, 88 L.Ed. 572. Here are no exceptional circumstances since, as stated, the federal issue before the state supreme court and the United States Supreme Court was determined on the same evidence of claimed coercion as before the district court. In this situation the district court was not entitled to consider such a repeated application for the writ.

Appreciation is due Mr. Murray E. Taggart, counsel for Bird suing in forma pauperis, for his vigorous and able presentation of Bird's petition.

For the reason above stated, the petition for a certificate of probable cause is denied.