GOODWIN v. SMYTH, Superintendent of
Virginia State Penitentiary.

No. 6063.

United States Court of Appeals
Fourth Circuit.

Argued April 11, 1950.

Decided April 13, 1950.

A. Clair Sager, Richmond, Va., for appellant.

Frederick T. Gray, Special Assistant to Attorney General of Virginia (J. Lindsay Almond, Jr., Attorney General of Virginia, on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and HAYES, District Judge.

PER CURIAM.

This is an appeal from an order denying a writ of habeas corpus. Appellant was convicted of the crime of rape and sentenced to a term of imprisonment by a court of the State of Virginia. He sought writ of error to review his conviction but this was denied by the Supreme Court of Appeals of the State. He then applied for writ of habeas corpus to a state judge and asked to be released from imprisonment on the ground that his conviction and sentence were void in that they had been obtained by the use of perjured testimony on his trial. The state judge to whom application was made sustained this contention; but this action was reversed by the Supreme Court of Appeals of the state in a careful and painstaking opinion, which went into the case thoroughly and demonstrated beyond peradventure that there had been no denial of due process as claimed by appellant. See Smyth v. Godwin, 188 Va. 753, 51 S.E.2d 230. Certiorari to review this decision was denied by the Supreme Court of the United States 337 U.S. 946, 69 S.Ct. 1503. Appellant then filed petition for habeas corpus in the court below and supported his application by filing copy of the record made in the state court.

It is clear that the petition was properly denied. There was no allegation of any such unusual circumstances as would justify a lower federal court in granting a writ of habeas corpus to release a state prisoner, when that relief had been denied by the highest court of the state and the Supreme Court had refused certiorari. As said by that court in White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 981, 89 L.Ed. 1348: "If this Court denies certiorari after a state court decision on the merits, or if it reviews the case on the merits, a federal District Court will not usually re-examine on habeas corpus the questions thus adjudicated. Ex parte Hawk, supra, 321 U.S. [114], 118, 64 S.Ct. [448], 450, 88 L.Ed. 572."

See also Stonebreaker v. Smyth, 4 Cir., 163 F.2d 498; House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739; Darr v. Burford, 1950, 70 S.Ct. 587, 596. In the case last cited, the Supreme Court said:

"Even after this Court has declined to review a state judgment denying relief, other federal courts have power to act on a new application by the prisoner. On that application, the court may require a showing of the record and action on prior applications, and may decline to examine further into the merits because they have already been decided against the petitioner. Thus there is avoided abuse of the writ by repeated attempts to secure a hearing on frivolous grounds and repeated adjudications of the same issues by courts of coordinate powers."

Affirmed.