**SOULIA v. O'BRIEN, Warden.**
**Civil Misc. No. 50–47.**

United States District Court
D. Massachusetts.

June 29, 1950.

966

Joseph J. McGovern, Boston, Mass., for petitioner.

Henry P. Fielding, Asst. Atty. Gen. of Massachusetts, Stephen A. Moynahan, Dist. Atty. W.D. Mass., of Springfield, Mass., for respondent.

FORD, District Judge.

This petitioner for a writ of habeas corpus is now imprisoned under sentence of death after having been convicted of murder in the Superior Court for Hampden County, Massachusetts. This conviction was affirmed by the Supreme Judicial Court of Massachusetts, Commonwealth v. Soulia, 325 Mass. 155, 89 N.E.2d 514. After affirmance of the conviction petitioner moved in the Superior Court for a new trial on the grounds that the verdict was against the evidence and the weight of the evidence, that the verdict was against the law, and on the ground of newly discovered evidence. Although the motion as filed did not specifically set forth that it was based on any claim of violation of petitioner's rights under the Constitution of the United States, it appears from the transcript of arguments at the hearing on this motion that at that time counsel for the petitioner orally outlined to the court the facts upon which the motion was based (as to which facts there were also affidavits attached to the motion for a new trial) and argued that on the basis of these facts the conviction was a violation of due process of law and thus a denial of petitioner's rights under the Constitution of the United States. The principal contention urged in that argument, and one which is also set forth in the present habeas corpus application, is that the facts surrounding the tests made by the ballistics expert for the Commonwealth, his alleged suppression of certain evidence, and his testimony at the trial amounted to a knowing use by the prosecuting attorney of perjured testimony to secure a conviction. The mo-

tion for a new trial was denied on April 11, 1950.

The Massachusetts statute dealing with review of conviction in capital cases provides: "* * * if any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court * * * unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court". Mass. Gen. L. Ch. 278, § 33E, as amended by St. 1939, c. 341. Soulia, therefore, petitioned for leave to file an appeal from the Superior Court's denial of his motion for a new trial. This petition was heard by a single justice of the Supreme Judicial Court. Again, although there was nothing in the record before the justice to show a claim based on federal constitutional grounds, counsel for petitioner argued orally the same constitutional questions which he had argued in the court below. The petition was denied on May 1, 1950 by the single justice, who found that "the petition presents no new or substantial question which ought to be determined by the full court." Later, petitioner's claim of appeal to the full court and his exceptions to the denial of his petition were dismissed by the same justice, who also denied a motion to revoke his order of judgment denying the petition for leave to appeal.

Before this application for a writ of habeas corpus can be granted it must appear that the applicant has presented the question of violation of the Constitution on which he relies to the courts of the state and has exhausted the remedies therein available to him. 28 U.S.C.A. § 2254. The exhaustion of but one of several available alternatives is enough. Wade v. Mayo, 334 U.S. 672, 678, 68 S.Ct. 1270, 92 L.Ed. 1647. It appears that the constitutional question has been presented to the state courts by way of a motion for a new trial. Cf. Mass. Gen. L. ch. 250, § 9. Even though it has nowhere been set forth in writing in petitioner's motions or petitions filed in the state courts, the facts on which petitioner relies and his claim that these facts showed a violation of his rights under the Federal Constitution were sufficiently brought to the attention of the justices who heard the matter by presentation in the oral arguments before the courts. Moreover, it appears that in the light of Mass. G. L. ch. 278, § 33E and the above mentioned decision of the single justice, petitioner has prosecuted his claim in the courts of Massachusetts to the full extent to which appellate relief is there open to him. However, he has not applied to the Supreme Court of the United States for a writ of certiorari. Until this has been done, the petitioner cannot in the ordinary case be held to have exhausted his "available state remedies", in the sense the latter term is used. Darr v. Burford, 339 U.S. 200, 212, 70 S.Ct. 587, 588.

However, petitioner contended at the hearing on the return day of a summons to show cause that his is one of those few cases recognized to exist in Darr v. Burford, supra, 339 U.S. at page 210, 70 S.Ct. 587, in which "special circumstances" justify an exception to the general rule laid down in that case. In general he appears to argue that if the alleged constitutional violation is an extremely flagrant one, that fact will bring the case within the exception. This argument must be rejected. The "special circumstances" justifying the exception can only be such circumstances as would make the application for certiorari a formal and futile proceeding, certain beforehand to result only in a denial. Cf. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348.

Specifically, Soulia argues that he is now scheduled to die on July 17, 1950 and it would be impossible to obtain his writ of certiorari before that time, since the Supreme Court will not sit again until October. In this connection it must be pointed out that the period of ninety days within which application for certiorari can be made has not yet expired, Rule 38½ of the Supreme Court, 28 U.S.C.A., 335 U.S. 915. And a stay of execution for a reasonable time to enable him to obtain his writ of certiorari can be granted not only by a judge of the court whose judgment he seeks to review, but also by any justice of the Supreme Court. 28 U.S.C.A. § 2101(f). At least while such remedies are available and

as yet untried by petitioner, the alleged imminence of the execution of the death sentence does not place this case outside the general rule of Darr v. Burford, supra.

The application for a writ of habeas corpus is denied without prejudice.