## Ex parte GROTTA.
### M. P. No. 453.

United States District Court
D. Rhode Island.
May 22, 1953.

Frank Fazzano, Asst. Atty. Gen., of R. I., for petitionee.

Ralph Rotondo and Michael Addeo, Providence, R. I., for petitioner.

GIBSON, District Judge.

### Statement of the Case

This is a petition for a writ of habeas corpus, filed on April 24, 1953. It came on for hearing on May 1, 1953. Jurisdiction is claimed as founded on 28 U.S.C. § 2254.

The petitioner, Emilio Della Grotta, alleges that he is being unlawfully imprisoned and restrained of his liberty by William K. Kindelan, Warden of the Rhode Island State Prison, by virtue of a sentence imposed by the Superior Court of Rhode Island on May 12, 1952. He further alleges that the action of the Superior Court in sentencing him was illegal and in violation of and repugnant to the provisions of the Constitution of Rhode Island, as set forth in Section 10 of Article 1 thereof, in that he

was not confronted by witnesses or notified of the charges or given an opportunity to be heard, and was deprived of this liberty without a judgment of his peers.

Petitioner further alleges that the action of the Superior Court was repugnant to Section 1 of the Fourteenth Amendment of the Constitution of the United States.

### Findings of Fact

From all the evidence, the pleadings, stipulations and statements of counsel, this Court finds the following facts:

1. The petitioner, Emilio Della Grotta, appeared before the Rhode Island Superior Court in Providence, Rhode Island, on March 28, 1945, and pleaded nolo contendere to a charge of breaking and entering in the nighttime with intent to commit larceny. On August 20, 1948, Emilio Della Grotta received a deferred sentence on this plea, and, on the same date, entered into a written agreement with the Attorney General of Rhode Island, which reads as follows:

"Providence, Sc    Superior Court
State           August 20, 1948
v.
Emilio  Della    Ind. No. 22486
  Grotta

### Agreement Under Which Sentence Is Deferred

It is hereby agreed that sentence may be deferred on the above indictment,—complaint—upon the payment of all costs, during the good behavior of the defendant, and so long as the Attorney General is satisfied that the defendant has broken none of the criminal laws of this State, since the date of this agreement.

Attorney General.
Emilio Della Grotta,
Defendant."

2. There is statutory authority for the deferred sentence and the agreement set forth above. Chapter 496, Section 18, General Laws of Rhode Island, Revision of 1938; as amended by Chapter 1560, Public Laws of 1945.

3. On March 22, 1952, petitioner was charged in a complaint brought by the Rhode Island State Police with knowingly and wilfully obstructing a public officer in the performance of his duty, in violation of Chapter 605, Section 7, General Laws of Rhode Island, Revision of 1938. Petitioner filed a motion to quash this complaint, and on May 5, 1952, the District Court of the Eighth Judicial District of Rhode Island granted this motion.

4. Between the date of the complaint and the date of the granting of this motion, namely, on March 24, 1952, a capias was issued by virtue of the original indictment (which is noted above as Number 22486), and petitioner was brought before the Superior Court in Providence, where the Attorney General moved for sentence under the deferred sentence agreement. On May 12, 1952, the Superior Court granted the motion of the Attorney General and sentenced petitioner to a term of seven years. At the hearing on May 12, 1952, no evidence was presented, but statements of counsel were made.

5. On May 26, 1952, Raymond F. Henderson, Esq., then attorney for the petitioner, left with the Chief Justice of the Supreme Court of Rhode Island, a petition for a writ of habeas corpus, and on June 9, 1952, Mr. Henderson received notice, in the form of a letter from the Chief Justice, that the Supreme Court refused to entertain the petition.

6. On January 8, 1953, Messrs. Addeo and Rotondo, present attorneys for petitioner, left with the Chief Justice of the Supreme Court of Rhode Island, a petition for a writ of certiorari, and on February 20, 1953, they received the following notice:

"The Supreme Court of the State of Rhode Island
Office of the Clerk
Providence

Ralph Rotondo, Esquire
904 Hospital Trust Building
Providence 3, Rhode Island
    . Re: Emilio Della Grotta
        v. Superior Court
Dear Sir:

I am instructed by the Court to notify you that it has considered the above mentioned petition and in view of all the cir-

cumstances of record it declines to entertain the petition.

> Very truly yours,
> /s/ John H. Greene, Jr.
> John H. Greene, Jr., Clerk"

7. In Rhode Island, apparently a procedural custom has developed whereby petitions for writs of habeas corpus and certiorari are left with the Chief Justice of the Supreme Court; the Chief Justice then takes up such petitions with the other Justices, and if a petition is not to be entertained, notice is sent to the petitioner by mail, the form being a letter from the Chief Justice or the Clerk of the Court. However, no official record is created in the files of the Clerk of the Supreme Court.

8. The original petitions of May 26, 1952, and January 8, 1953, were offered in evidence upon this hearing, and the Court notes that neither bears any note of its entry into the files of the Supreme Court, such as would ordinarily be affixed.

9. From all the evidence and testimony, this Court finds that there is no official record of these earlier petitions in the files of the Supreme Court of Rhode Island. However, I also find that petitioner has never sought to file and enter with the Clerk of the Rhode Island Supreme Court either a petition for habeas corpus or for a writ of certiorari. Nor has the petitioner sought to have the records of the Rhode Island Supreme Court corrected to show what actually has taken place.

In the petition now before this Court, Della Grotta alleges, in substance, that because the complaint issued against him on March 22, 1952, was quashed on May 5, 1952, there is no basis for the charge that he is in violation of the deferred sentence agreement, and that consequently he is being unlawfully restrained in prison under the sentence of March 24, 1952.

## Conclusions of Law

■ 28 U.S.C. § 2254 provides in essence that this Court shall not grant an application for a writ of habeas corpus made by one in custody under a State Court judgment unless it appears that the applicant has either exhausted his State Court remedies, or that there is an absence of available state connective process, or the existence of circumstances which render that process ineffective. Under the decisions of the United States Supreme Court, certiorari to that body is construed as a State Court remedy for purposes of Section 2254. White v. Ragen, Ill.1945, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348.

Here the petitioner has not sought certiorari to the United States Supreme Court. However, it is the contention of petitioner that since there is no official record of the action of the Rhode Island Supreme Court on either of his prior petitions, he is unable to exhaust his available State Court remedies.

■ Comity requires that the petitioner here must exhaust every available procedure in an attempt to have his petition acted upon in the Supreme Court of Rhode Island. The states have the major responsibility for the maintenance of law and order within their borders. The dignity and importance of their role as guardians of the administration of criminal justice merits review of their acts by the State Courts before a prisoner, as a matter of routine, may seek release from state process in the U. S. District Courts. Darr v. Burford, 339 U.S. 200, 217, 70 S.Ct. 587, 94 L.Ed. 761.

Paragraph 4 of Chapter 499 of the General Laws of Rhode Island requires the Clerk of the Supreme Court to keep the seal, books and papers thereof, and to make fair entries and records of all the proceedings, judgments and decrees therein.

Section 5 provides that the Clerk shall, in the record of every judgment, recite the substance of the pleadings in the cause, except that the Court may, by general rule or special order, direct in what manner and to what extent, if any, the pleadings in any or all causes which are entered shall be extended upon the records; and that whenever, by accident, neglect or otherwise, except by order of the Court, any clerk shall have failed to record the proceedings of the court in which he is clerk, in any cause pending before it, the court may direct the Acting Clerk to record such proceedings whenever, from the circumstances of the case, the court may deem proper.

Paragraph 16 provides that the files and records of the Supreme Court shall be in the custody of the Clerk of the Supreme Court.

Paragraph 2 of Chapter 513 provides that no proceedings at law or in equity, original or appellate, shall be deemed to be entered until the necessary papers are properly filed and the entry fee, if any be required, is paid.

 The petitioner in this cause has never sought to file and enter a petition for writ of certiorari or habeas corpus in accordance with a law of Rhode Island. Nor has he taken any steps to secure a recording of the proceedings of the court that have taken place on petitions for writs of habeas corpus and certiorari but which were not properly filed or entered. Hence, he has not exhausted his remedies in the State Court, and this petition is denied for that reason.