**Ovie G. HALL, Petitioner,**

v.

**Orel J. SKEEN, Warden of the West Virginia Penitentiary, Respondent.**

**No. 427–F.**

United States District Court
N. D. West Virginia, Fairmont Division.
Nov. 22, 1954.

Russell L. Furbee, Fairmont, W. Va., for petitioner.

John G. Fox, Atty. Gen. of West Virginia, and Virginia Mae Brown, Asst. Atty. Gen. of West Virginia, for respondent.

WATKINS, Chief Judge.

Petitioner, Ovie G. Hall, is a state prisoner in the West Virginia Penitentiary. He has filed a petition requesting the issuance of a writ of habeas corpus to inquire into the legality of his detention. He is now serving a life sentence for armed robbery imposed upon him by the Circuit Court of Logan County, West Virginia, on May 24, 1946. Petitioner, among other things, alleges that he is being unlawfully detained because he was denied the right to trial by jury; that witnesses in his behalf were in the court room and were not permitted to take the stand in his behalf; that he was not represented by competent counsel in that the judge did not make an "effective appointment of counsel for the defense of the petitioner"; and that counsel refused to "prepare a defense for petitioner", and advised him to plead guilty. Petitioner has requested the appointment of counsel and has asked to proceed in forma pauperis. The court is under no obligation to provide counsel for petitioner in this type of proceeding. United States ex rel. Sholter v. Claudy, 3 Cir., 203 F.2d 805. However, permission to proceed in forma pauperis has been granted, and competent counsel has been assigned to represent petitioner. Respondent has filed an answer to the petition and a hearing has been held.

Petitioner alleges in his petition that the Supreme Court of Appeals of West Virginia denied him a writ of habeas corpus, and that subsequently on October 12, 1953, the United States Supreme Court denied certiorari. 346 U.S. 837, 74 S.Ct. 56. There is no allegation or showing by the petitioner that the grounds urged here are the same as those relied upon by him in the state court. However, respondent has filed with his answer a certified copy of the petition filed in the state court, and an examination of that petition and the opinion filed by the Supreme Court of Appeals of West Virginia discloses that the grounds relied upon here are the same as those urged by the state court. State ex rel. Hall v. Skeen, 136 W.Va. 805, 68 S.E.2d 683.

The Supreme Court of West Virginia issued the writ of habeas corpus, directed the Warden of the West Virginia Penitentiary to produce the petition of the petitioner on December 11, 1951, and show cause why he was being detained. The state court appointed counsel whom it commended very highly in its reported opinion to investigate and prepare petitioner's case. The hearing was evidently very extensive. Much evidence was

taken and many witnesses were heard, including the Circuit Judge and Prosecuting Attorney of Logan County, West Virginia, as well as witnesses for the petitioner. As a result of this hearing, the state court concluded that "relator has not established any fact or facts on which this court could base a judgment that he was deprived of any constitutional right of a trial in his case". The Supreme Court of West Virginia thereupon discharged the writ. The Supreme Court of West Virginia heard the case on the same issues which are raised in this proceeding, and determined the issues on their merits by holding that the grounds set forth in the petition were not sustained by the evidence. In its opinion the Supreme Court of West Virginia made it clear that had the facts alleged in the petition been proven, the prisoner would have been discharged.

Under these circumstances, petitioner's application for a writ of habeas corpus must be denied. As the state and federal courts have the same responsibility to protect prisoners from violations of their constitutional rights, the federal court may decline, without a rehearing on the facts, to award a writ of habeas corpus to a state prisoner where the legality of his detention has been determined on the facts presented by the highest state court with jurisdiction. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Goodwin v. Smyth, 4 Cir., 181 F.2d 498; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348. See also U.S. ex rel. Farmer v. Skeen, 4 Cir., 203 F.2d 950, wherein the court said:

> "Furthermore, the judge below was acting within the limits of his discretion in not issuing the writ when it appeared that all questions raised in the petition before him had been thoroughly examined and acted upon by the state courts. Brown v. Allen, 344 U.S. 443, 457–458, 73 S.Ct. 397, 437 [97 L.Ed. 469]."

Petition dismissed.