**UNITED STATES of America ex rel. Ronald H. CONNELLY, Appellant,**

v.

**Warren A. CORMIER, Superintendent of the Louisiana Correctional Institute,**
Appellee.

No. 18255.

United States Court of Appeals
Fifth Circuit.
June 15, 1960.

38

Joe J. Tritico, Lake Charles, La., for appellant.

Jack P. F. Gremillion, Atty. Gen., Teddy W. Airhart, Jr., Baton Rouge, La., Bernard N. Marcantel, Dist. Atty., Jennings, La., for appellee.

Before RIVES, Chief Judge, and CAMERON and BROWN, Circuit Judges.

RIVES, Chief Judge.

■ The district court ruled that the appellant, held in custody pursuant to the judgment of a State court, had not exhausted the remedies available in the courts of the State and, accordingly, dismissed his application for habeas corpus.

The appellant plead guilty in the Louisiana State Courts to indictments charging him with manslaughter and with armed robbery. For such offenses, he was sentenced to imprisonment for terms respectively of 21 years and of 15 years, the sentences to run concurrently. Several months thereafter he filed with the State court a petition to be allowed to withdraw his plea of guilty.[1] He then moved that the sentencing judge recuse himself from ruling on his motion to withdraw the plea of guilty. The sentencing court denied both motions, stating the reasons for such denial in a full opinion. The appellant then filed an application for a writ of certiorari, prohibition and mandamus with the State Supreme Court, which that Court denied in a very brief order: "Writ refused. We find no error in the rulings complained of." Such is the extent to which the appellant has exhausted his state remedies.

The argument is earnestly made that the motion to withdraw his plea of guilty is one of two available state remedies open to the appellant,[2] and that only one of such remedies need be exhausted. At the same time, the appellant excuses his failure to ask the Supreme Court of the United States for certiorari from the decision of the Louisiana Supreme Court because that decision was based on adequate nonfederal grounds. In the circumstances of this case the two positions present an inherent inconsistency.

The cases[3] in which resort to the federal courts has been permitted without first seeking habeas corpus or some other remedy available in the state courts have been like Brown v. Allen, 1953, 344 U.S. 443, 446–450, 73 S.Ct. 397, 97 L.Ed. 469, where the pursuit of such remedy in the state courts was obviously useless, because the prisoner's claim of federal constitutional right had been decided adversely to him by the state supreme court, and an application for certiorari had been denied. Admittedly, in the present case it cannot be said that the State Supreme Court has ruled on the claim of federal constitutional right, and there has been no petition for certiorari. Instead, the appellant chose a discretionary remedy which could well be disposed of on nonfederal grounds.

■ The cases in which the state remedies may be exhausted without certiorari to the Supreme Court of the United States are, we think, cases where certiorari is unavailable because the state court decision was based upon some ade-

---

1. LSA–Revised Statutes, Title 15, Sec. 266, provides as follows:
"The allowance or disallowance of the withdrawal of a plea of guilty is within the sound discretion of the court."

2. The other being by habeas corpus, as provided in LSA–Revised Statutes, Title 15, Sections 113 and 114.

3. Other than those involving "special circumstances." See Darr v. Burford, 1950, 339 U.S. 200, 210, 70 S.Ct. 587, 94 L.Ed. 761; Weston v. Sigler, 1959, 361 U.S. 37, 80 S.Ct. 141, 4 L.Ed.2d 111, considered in connection with Weston v. Walker, 1959, 361 U.S. 876, 80 S.Ct. 141, 4 L.Ed.2d 115.

quate nonfederal ground, and where further state proceedings would be no more likely than those already had to secure a ruling by the state courts on the claim of federal constitutional right which would be subject to review on certiorari by the Supreme Court of the United States. In White v. Ragen, 1945, 324 U.S. 760, 767, 65 S.Ct. 978, 982, 89 L.Ed. 1348, after holding that under the circumstances there presented it was unnecessary for the petitioner, in order to exhaust his state remedies, to apply to the Supreme Court for certiorari to review the judgment of the Supreme Court of Illinois, the Court cautioned: "But any other state remedies, if available, must be exhausted before any application to the federal District Court. Ex parte Hawk, supra [321 U.S. 114] 116–117 [64 S.Ct. 448, 88 L.Ed. 572]." In Darr v. Burford, 1950, 339 U.S. 200, 209, note 28, 70 S.Ct. 587, 593, 94 L.Ed. 761, the Court referred to that ruling as follows: "We made it clear that while proper procedure does not require review in this Court of a judgment denying habeas corpus on an adequate state ground, other available state remedies must be exhausted before an application should be entertained in a district court. [324 U. S. at page] P. 767 [65 S.Ct. at page 982]."

Habeas corpus in the Louisiana State Courts followed, if necessary, by certiorari to the Supreme Court of the United States would afford the appellant an adequate remedy to protect his claimed federal constitutional rights. Under the Court-developed doctrine of exhaustion of state remedies, now codified in 28 U.S. C.A. § 2254,[4] the district court properly dismissed the application for habeas corpus.

Affirmed.

CAMERON, Circuit Judge, concurs in the result.

4. See Irvin v. Dowd, 1959, 350 U.S. 394, 405, 79 S.Ct. 825, 3 L.Ed.2d 900.