352 So.2d 925 (1977)
Henry L. KIMBROUGH, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. FF-88.
District Court of Appeal of Florida, First District.
December 6, 1977.
*926 Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Kimbrough raises two points on appeal: 1. That the court erred in vacating his plea of guilty, previously accepted, to Count II of the information and in forcing him to go to trial on Counts I and II. 2. That the court erred in denying his motion for continuance. As to the first point, we conclude the court appropriately vacated the plea of guilty since it lacked a factual foundation. Williams v. State, 316 So.2d 267 (Fla. 1975). The second point is, however, far more troubling.
On January 18, 1977, Kimbrough, with his assistant public defender, entered a plea of guilty to Count II of the information charging battery. The state tentatively agreed to nolle prosequi Count I, charging false imprisonment, in the event the court accepted the plea of guilty to Count II.
After very thoroughly advising appellant of his various rights, the court accepted the plea, referred the case for presentence investigation, and instructed defendant to return to court on February 14, 1977, for sentencing. During the intervening period, the assistant public defender who had represented appellant at the arraignment proceedings resigned and a new assistant later appeared in court with him at sentencing.
At the sentencing proceeding, the court determined it would not accept appellant's plea to Count II because of inconsistent responses he made relating to the offense; it then vacated the plea of guilty and asked his attorney whether he was prepared to go to trial that date. Appellant's second assistant public defender, E.E. Durrence, answered he was prepared. The court set Kimbrough's case for trial immediately following another case scheduled for trial that morning.
Later when the case was called for trial, Mr. Durrence was not present but a third assistant public defender, Weslie Wallace, appeared with appellant stating that he was asked to handle the case since he had been in the courthouse handling non-related matters, but that he had no knowledge whatsoever about Mr. Kimbrough's case, had just received the file, had not even seen Mr. Kimbrough, felt he could not competently represent him, and asked for a continuance. The request was denied; the court observed the trial had been originally set for December 20, 1976, later changed to January 18, 1977, at which time defendant changed his prior plea of not guilty to one of nolo contendere.
*927 After the jury was selected and following the opening statement by the Assistant State Attorney, the court, at 12:15 p.m., declared a recess for lunch until 1:30 p.m., at which time trial was resumed. Kimbrough was the only witness called by the defense, and at the conclusion of the case, the jury deliberated 20 minutes and found appellant guilty as charged as to both counts of the information.
Any appeal seeking a reversal of a conviction on the ground of denial of a continuance necessarily attacks the discretion exercised by the trial court since only a palpable abuse of discretion justifies reversal. Berriel v. State, 233 So.2d 163 (Fla. 4th DCA 1970). Nevertheless the reasonableness of the time of appointment must be taken into consideration. We stated in Hawkins v. State, 184 So.2d 486 (Fla. 1st DCA 1966), that even though counsel had been appointed to represent defendants more than one month prior to trial, because the defendants who were incarcerated had been unable to speak to trial counsel until the day before the trial, it was an abuse of discretion to force defendants to go to trial the following day after counsel had represented to the court that he was unprepared for trial.
If either the first or second assistant public defenders who were assigned Kimbrough's case had defended him at trial, there would be no problem since both members of the office had been appointed long before trial. Should, however, we indulge a presumption that adequate time exists to prepare for trial by reason of timely appointment of the institution, despite the fact the institution's agent who actually handled the trial was not personally prepared just prior to trial? It is a novel question and one which has not been addressed previously by Florida courts.
A case similar in its facts is Moore v. United States, 432 F.2d 730 (3rd Cir.1970), in which defendant filed a motion to vacate sentence following a conviction for bank robbery. He alleged he was inadequately represented by a member of the staff of the "Voluntary Defender's Office". A staff attorney was appointed to represent him at the arraignment on February 12, 1965. The case was scheduled for trial on March 29, 1965, and another member of the defender's office appeared and requested a short postponement of the trial so that he might personally confer with him. The continuance was allowed until the following day when the trial was begun and concluded.
On appeal from the denial of his motion to vacate, the Third Circuit Court of Appeals stated the recognition of the right of a defender organization to supply legal services to indigents makes it apparent that in such institutional representation the timeliness of the appointment must be measured by the time of the court's appointment of the institution and not by when individual staff members are assigned to perform their specialized function. The court, however, stated:
"Whether an indigent is represented by an individual or by an institution, he is entitled to legal services of the same level of competency as that generally afforded at the bar to fee-paying clients. In both cases, therefore, the standard of adequacy of legal services as in other professions is the exercise of the customary skill and knowledge which normally prevails at the time and place." 432 F.2d at 736.
After reviewing the record of trial proceedings, the court concluded that Moore was entitled to an evidentiary hearing on the question of whether he had been afforded adequate counsel. It stated it did not doubt that counsel acted in an effective manner as far as the trial judge was able to observe his conduct, continuing:
"But representation involves more than the courtroom conduct of the advocate. The exercise of the utmost skill during the trial is not enough if counsel has neglected the necessary investigation and preparation of the case or failed to interview essential witnesses or to arrange for their attendance. Such omissions, of course, will rarely be visible on the surface of the trial, and to that extent the impression of a trial and to that extent the impression of a trial judge regarding *928 the skill and ability of counsel will be incomplete." Id. at 739.
Since Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), it has been accepted that a state defendant has a right not only to the timely appointment of counsel but also to the assistance of counsel whose quality of performance does not fall below a minimum level of effectiveness. See also McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In MacKenna v. Ellis, 280 F.2d 592, 599 (5th Cir.1960) it was stated:
"We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." 280 F.2d at 599. (Emphasis in original.)
This standard was applied by the Fifth Circuit Court of Appeals when granting a writ of habeas corpus after a state conviction where defense counsel never investigated the circumstances of the crime charged. King v. Beto, 429 F.2d 221 (5th Cir.1970).
In McQueen v. Swenson, 498 F.2d 207, 216 (8th Cir.1974), defendant's attorney did nothing more than interview the defendant; he never interviewed prosecution witnesses. The court quoted from a prior opinion:
"`The mere appointment of counsel, no matter how able, for a defendant charged with the commission of a crime without opportunity to consult, advise or to make such preparation for arraignment and trial as the facts of the case fairly demand would be a travesty and would not satisfy the requirements of the Fifth and Sixth Amendments.' Maye v. Pescor, 162 F.2d 641, 643 (8th Cir.1947). (Emphasis added.)"
The American Bar Association Standards Relating to the Prosecution Function and the Defense Function, Section 4.1, places the duty upon defense counsel to conduct a prompt investigation of the circumstance of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. It requires that the investigation include efforts to secure information in the possession of the prosecution and law enforcement authorities. The above section was designed no doubt to give teeth to the dictum that the "denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense could convert the appointment of counsel into a sham... ." Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940).
The Supreme Court has found a "denial of the accused's constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel." White v. Ragan, 324 U.S. 760, 764, 65 S.Ct. 978, 980, 89 L.Ed. 1348 (1945). Timely appointment and opportunity for adequate preparation are absolute prerequisites for counsel to fulfill his constitutionally assigned role of seeing to it that available defenses are raised and the prosecution put to its proof. Cf. United States v. Ash, 413 U.S. 300, 312-313, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).
The record of the trial proceedings reflects a valiant effort by defense counsel to represent his client. He extensively cross-examined the state's prosecution witnesses pertaining to the events involving the false imprisonment and battery charges. Yet he called no witnesses other than the defendant. And the record in our opinion does not refute counsel's allegations that he was unprepared for trial, thus depriving defendant of adequate representation. The error no doubt could have been corrected had the court insisted that the assistant public defender who represented he was prepared for trial go forward with his defense. Nevertheless that attorney did not assist him at trial, and a defendant should not be bound to his prejudice by the expressions of an attorney he is prepared, who then abandons his client and apathetically entrusts him to the care of another attorney who knows nothing of the case. A defendant's judicial fate may not depend upon such capricious circumstances.
*929 REVERSED AND REMANDED FOR A NEW TRIAL.
SMITH, Acting C.J., and MELVIN, J., concur.