BASKIN, Judge
(dissenting).
The majority condones the trial court’s refusal to grant defense counsel adequate time to prepare a defense to probation violation charges; I cannot agree. Forty-eight hours is insufficient to prepare for charges resulting in the imposition of twenty years’ incarceration when counsel has expressed a need for additional time.
During the forty-eight hours between appointment of counsel and the probation violation hearing, defense counsel attempted to subpoena witnesses at the incorrect addresses furnished by the state. The witnesses failed to appear for deposition. Determining that only three witnesses were relevant to the allegation upon which the state elected to proceed, the trial court granted defense counsel an opportunity to depose the lead investigator prior to commencing the hearing. It was defense counsel’s renewal of a motion for continuance on the ground that he needed additional time to call witnesses discovered during that deposition that the court denied.
Fundamental rights to due process of law and to a fair trial require the trial court to afford defense counsel a reasonable time to prepare for trial. Valle v. State, 394 So.2d 1004 (Fla.1981), see McCray v. State, 181 So.2d 729 (Fla. 1st DCA 1966); Brooks v. State, 176 So.2d 116 (Fla. 1st DCA 1965). A rush to trial dissipates the right to effective aid and assistance of counsel. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348 (1945); accord Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed, 61 (1945); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The universality of the right to adequate preparation time appears in Coker v. State, 82 Fla. 5, 7, 89 So. 222, 222 (1921), in which the Supreme Court of Florida stated:
Justice requires, and it is the universal rule, observed in all courts of this country, ... that reasonable time is afforded to all persons accused of crime in which to prepare for their defense... [Failure to abide by this rule is error which] strikes at the root and base of constitutional liberties [and] makes for a deprivation of liberty or life without due process of law[.]
Probation revocation procedures must comport with due process requirements. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); accord Hines v. State, 358 So.2d 183 (Fla.1978). In determining the reasonableness of preparation time in reviewing a trial court’s denial of a continuance, courts have found a palpable abuse of discretion when counsel has not been afforded sufficient time to prepare. Kimbrough v. State, 352 So.2d 925 (Fla. 1st DCA 1977); see also Mato v. State, 278 So.2d 672 (Fla. 3d DCA 1973) (court found that failure to afford the defendant adequate time to confer with his counsel appointed at the hearing constituted one of the grounds for holding that the defendant was denied due process at his probation revocation hearing).
In my view, the trial court’s refusal to grant a continuance constituted a palpable abuse of discretion. I would therefore.reverse and remand for a new hearing.