## PEOPLE ex rel. ROSS v. NIERST-HEIMER.

### No. 8770.

Circuit Court of Appeals, Seventh Circuit.
March 21, 1945.

No attorney for appellant.

George F. Barrett, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

Petitioner has appealed from an order of the District Court denying his application for a writ of habeas corpus. We have granted his petition for leave to proceed in forma pauperis. Petitioner has also asked this court to appoint counsel to represent him. After a careful study of the record, we believe that the appointment of counsel is unnecessary and, therefore, the request is denied. Judge Lindley, the trial judge, has aptly stated the legal principles applicable to petitioner's situation in a full and comprehensive opinion. We agree with the views he has expressed and accordingly adopt them as our own.

We quote Judge Lindley's opinion:

"Relator, imprisoned in the Illinois Penitentiary, avers that he is being unlawfully restrained, and requests a writ of habeas corpus in forma pauperis. He alleges that he was convicted of uttering a fictitious check on plea of guilty on January 25, 1926 in the Circuit Court of St. Clair County; that the judgment directed the sheriff to take him 'to the penitentiary of this state at Chester, Illinois, and be delivered to the Warden or Keeper of said penitentiary, and the warden or keeper is hereby required and commanded to take the body of the defendant James Ross alias James Morrissey alias D. L. Stewart and confine him in said penitentiary in safe and secure custody, from and after the delivery hereof until discharged by the Prison Board, as authorized and directed by law, * * *.' On January 6, 1931, relator was released on a banishment parole. He returned to Massachusetts, where he was discharged from parole by a court of that state on September 10, 1931. He was returned from the District of Columbia to Illinois on November 7, 1941, as a parole violator, and again confined in the penitentiary.

"Relator avers that on November 18, 1942, the Illinois Supreme Court rendered an opinion releasing him and holding the mittimus invalid as not defining a place of imprisonment fixed by law; that on December 5, 1942, relator was discharged, but was arrested at the gate of the prison by the sheriff of Randolph County on a state warrant charging him with being a fugitive from justice from the state of New York; that he was subsequently surrendered to authorities of that state; that on January 21, 1943, the Supreme Court of Illinois, on its own motion, reheard the cause in which Ross had been released and on March 16, 1943, the court rightfully or wrongfully rendered a second opinion which did not expressly set aside the earlier decision, but remanded petitioner to the custody of respondent, from which he had been discharged on December 5, 1942. People ex rel. Ross v. Becker, 382 Ill. 404, 47 N.E.2d 475.

"On October 9, 1944, relator was arrested by Illinois authorities in Huntsville, Texas, upon a requisition issued by the Governor of Illinois and recognized by the Governor of Texas. Ross contends that he was unable to contest extradition because he was ill. On October 13, 1944, he was returned to Illinois and again imprisoned, upon the original judgment and sentence.

"Relator contends that he is illegally detained because (1) the judgment of the Circuit Court of St. Clair County did not sentence him to a place of imprisonment fixed by law; (2) that court had no jurisdiction to render the judgment; (3) the process of the Illinois Supreme Court on December 4, 1942, releasing him, was final and, since no rehearing was granted within 15 days, as required by Rule 44 of the Rules of Practice and Procedure of the Supreme Court, Ill.Rev.Stat.1943, c. 110, § 259.44, the rehearing later, which resulted in remanding petitioner to the custody of respondent, was illegal; (4) petitioner did not flee from Illinois and so could not properly later be declared a fugitive from justice from Illinois, and returned to this state as such; and (5) his extradition from Texas was void because he was not a fugitive from justice.

"This court is governed in habeas corpus cases by the rule announced in Ex parte Hawk, 321 U.S. 114, 116, 64 S. Ct. 448, 450, 88 L.Ed. 572: 'Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted.' It was incumbent upon relator to apply for a writ of certiorari to the United States Supreme Court, in order to review the action of the Illinois Supreme Court. That court effectually and finally disposed of all contentions now presented by relator. If he was dissatisfied with the decision, his remedy lay in an application to the Supreme Court for certiorari. This he failed to make.

"Furthermore, the Circuit Court of Appeals for the Seventh Circuit established in United States ex rel. Foley v. Ragen, 143 F.2d 774, the rule that petitioners must exhaust state remedies by applying to three state courts: (1) a court of competent jurisdiction in the county in which he is imprisoned; (2) a court of competent jurisdiction in the county from which he was committed; (3) the Supreme Court. Ross fails to show that he has sought relief in any but the Supreme Court of Illinois. Thus he has not exhausted his remedies. This is not a situation where the resort to state remedies 'has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, see Mooney v. Holohan, supra, 294 U.S. [103], 115, 55 S.Ct. [340], 343, 79 L.Ed. 791, 98 A.L.R. 406, or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, cf. Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L. Ed. 543; Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679 [87 L.Ed. 868],' as mentioned by the United States Supreme Court in the Hawk case, supra, as entitling a petitioner to present his case to the federal district court. Petitioner must exhaust the remedies afforded him through the state courts before applying for relief in this court."

Affirmed.