26

**UNITED STATES ex rel. ROSS v. NIERSTHEIMER, Warden.**

No. 440–D.

District Court, E. D. Illinois.

Sept. 30, 1946.

Relator appeared for himself.

No appearance for anybody else.

LINDLEY, District Judge.

The relator applies for a writ of habeas corpus in forma pauperis, averring that he is being illegally detained by Illinois prison authorities.

On December 4, 1942, the Illinois Supreme Court discharged the relator from the penitentiary in a habeas corpus proceeding. On March 16, 1943, the court changed its mind and held the imprisonment to be legal. People v. Becker, 382 Ill. 404, 47 N.E.2d 475. It is averred that following his release from the penitentiary in December, 1943, the relator was arrested by the sheriff of Randolph county and turned over to New York authorities.

For a more detailed statement of the facts, see the court's memorandum of November 13, 1944, 70 F.Supp. 24, disposing of a previous application.

The relator contends that the order of the Supreme Court of Illinois of December 4, 1942, was final; that the Supreme Court thereafter lacked jurisdiction and that the court's subsequent action is a nullity and void. It is further contended that Illinois waived all jurisdiction to hold relator under any conviction previously imposed by the state of Illinois.

The relator avers that he has unsuccessfully sought the writ in the Circuit Court of Randolph County, the county of his imprisonment; in the Circuit Court of St. Clair County, the court of his conviction; and in the Supreme Court of Illinois. He has not requested the United States Supreme Court to grant certiorari to any of the Illinois courts. Before this court can take jurisdiction, state remedies must have been exhausted. As the relator has not asked the United States Supreme Court to grant certiorari to the Illinois courts which had jurisdiction but failed to grant relief, he has not exhausted his state remedies; and this court lacks jurisdiction. House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. This requirement for the exhaustion of state remedies was pointed out to the relator by the court in its memoranda of November 13, 1944, and May 9, 1945, and by the Circuit Court of Appeals for this Circuit in People ex rel. Ross v. Nierstheimer, 7 Cir., 148 F.2d 8. The relator misinterprets the holding in White v. Ragen, supra. The court in that case announced that though it was not necessary to ask the Illinois Supreme Court to grant the writ when release is sought on an allegation of fact, it is still necessary to ask the United States Supreme Court to grant certiorari to the highest state court which has jurisdiction to determine the cause.

Leave to file as a poor person is granted. The application for the writ is denied.