UNITED STATES ex rel. ROSS v. NIERST-HEIMER, Warden.

No. 9246.

Circuit Court of Appeals, Seventh Circuit.

Jan. 17, 1947.

George F. Barrett, Atty. Gen., William C. Wines, Asst. Atty. Gen. (Raymond S. Sarnow and James C. Murray, both of Chicago Ill., Asst. Attys. Gen., of counsel), for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

PER CURIAM.

Petitioner applied to the District Court for writ of habeas corpus, alleging that he was being illegally detained by the Illinois prison authorities in violation of his rights under the 14th Amendment to the Constitution. This appeal is from an order denying the application.

The District Court filed an opinion (70 F.Supp. 26), in which it stated as its reason for the denial of the writ that petitioner (referred to as the relator) had failed to show an exhaustion of state court remedies and that the court therefore was without jurisdiction. In so reasoning that court said:

"The relator avers that he has unsuccessfully sought the writ in the Circuit Court of Randolph County, the county of his imprisonment; in the Circuit Court of St. Clair County, the court of his conviction; and in the Supreme Court of Illinois. He has not requested the United States Supreme Court to grant certiorari to any of the Illinois courts. Before this court can take jurisdiction, state remedies must have been exhausted. As the relator has not asked the United States Supreme Court to grant certiorari to the Illinois Courts which had jurisdiction but failed to grant relief, he has not exhausted his state remedies; and this court lacks jurisdiction. House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739; White v. Ragen, 324 U.S. 760, 65 S.Ct.

978, 89 L.Ed. 1348; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. This requirement for the exhaustion of state remedies was pointed out to the relator by the court in its memoranda of November 13, 1944 and May 9, 1945 and by the Circuit Court of Appeals for this Circuit in People ex rel. Ross v. Nierstheimer, 7 Cir., 148 F.2d 8. The relator misinterprets the holding in White v. Ragen, supra. The court in that case announced that though it was not necessary to ask the Illinois Supreme Court to grant the writ when release is sought on an allegation of fact, it is still necessary to ask the United States Supreme Court to grant certiorari to the highest state court which has jurisdiction to determine the cause."

Inasmuch as we agree with the reasoning of the District Court, we find no occasion to discuss the matter further. The order appealed from is

Affirmed.