**MILAM v. SKEEN, Warden.**
**No. 386–F.**

United States District Court,
N. D. West Virginia,
Fairmont Division.
Dec. 28, 1953.

---

W. Ralph Musgrove, Fairmont, W. Va., for petitioner.

WATKINS, District Judge.

Joseph Lee Milam, an inmate at West Virginia Penitentiary, Moundsville, West Virginia, has filed three petitions for the writ of habeas corpus with this court. The second and third petitions were received September 1, 1953, and September 17, 1953, respectively, and will be treated as amendments of the petition received August 25, 1953. The relevant facts surrounding the present incarceration of Milam as disclosed by his petition are as follows:

The petitioner was arrested by West Virginia state authorities in November of 1944, for the theft of a motor vehicle. Following the return of an indictment against the petitioner in January of 1945 by a grand jury of Kanawha County, West Virginia, the prisoner entered a plea of guilty. The petitions in this case then disclose that probation was granted the petitioner; that he subsequently performed an act deemed an infraction of his probation conditions, and was committed to the state penitentiary under a sentence of 2–10 years.

Title 28 U.S.C.A. § 2254, provides that an applicant for the writ of habeas corpus, confined under state judicial process, must exhaust available state remedial processes before applying for relief to the federal courts. This means that he must first present the same points to the state courts by petion for writ of habeas corpus, before applying to this court for such relief. See People ex rel. Ross v. Nierstheimer, 7 Cir., 148 F.2d 8; U. S. ex rel. Allen v. Claudy, D.C.W.D.Pa., 98 F.Supp. 792. This court has also held, in the case of United States ex rel. Farmer v. Skeen, Warden, D.C.N.D.W.Va., 107 F.Supp. 877, that the exhaustion of state remedies

952

includes application to the Supreme Court of the United States to review by certiorari denial of the writ of habeas corpus by the Supreme Court of Appeals of West Virginia. This petitioner has failed to do. Where the petitioner has exhausted his state remedies, and the same points have been considered and decided unfavorably to petitioner by the highest court of the state, and certiorari has been denied by the Supreme Court of the United States, the federal District Court will not ordinarily re-examine upon writ of habeas corpus the questions thus adjudicated. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. Furthermore, had petitioner exhausted his state remedies, the court would be compelled to dismiss the petition on its merits.

 The petitioner has assigned as grounds for issuance of the proposed writ certain alleged deficiencies in the indictment under which he now stands committed. A plea of guilty, however, such as that entered by movant in the state court, is generally held to mean a plea of guilty as charged in the indictment. By such a plea all averments of fact are admitted, all defects not jurisdictional are cured and all defenses are waived and the prosecution is relieved from the duty of proving any facts. Berg v. United States, 9 Cir., 176 F.2d 122 and cases cited therein. After such a plea the defendant is in the same position as though he had been found guilty by a jury. In such an instance a defendant cannot, after his plea of guilty and sentence, attack and review in a habeas corpus proceeding the indictment under which he was sentenced on the ground of deficiencies in such indictment. Had the prisoner stood trial under the indictment and been found guilty and sentenced, he could not then proceed to challenge non-jurisdictional defects alleged to exist in the indictment by habeas corpus and ignore his state corrective procedures. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036. Having pleaded guilty to the charge returned against him places the movant in no superior position. As this court has often stated the writ of habeas corpus cannot be used as a substitute for an appeal.

■ Where a petition for habeas corpus by a poor person is meritless, the court may permit the filing of such petition and then dismiss it as frivolous, and in a patently frivolous proceeding respondent will not be called upon to make a return or answer. Farley v. Skeen, D.C.N.D.W.Va., 113 F.Supp. 736, 737.

Petition dismissed.