**UNITED STATES ex rel. Elmer David BRUNER, Petitioner,**

v.

**Donivon E. ADAMS, Warden, West Virginia Penitentiary, Respondent.**

Civ. A. No. 920.

United States District Court
N. D. West Virginia.

March 13, 1959.

Howard Caplan, Clarksburg, W. Va., for petitioner.

W. W. Barron, Atty. Gen., of West Virginia, and Giles D. H. Snyder, Asst. Atty. Gen., for respondent.

HARRY E. WATKINS, Chief Judge.

Petitioner, who has been convicted of murder and has been sentenced to death by a state court, has filed a petition for a writ of habeas corpus. He was allowed to proceed in forma pauperis, and, although he did not ask for appointment of counsel, a competent attorney was appointed to represent him. In order to show that he has raised the same points in the Supreme Court of West Virginia and in the Supreme Court of the United States, and has exhausted his state court remedies, thereby giving this Court jurisdiction, he has filed a copy of his petition for a writ of habeas corpus in the Supreme Court of West Virginia which he says was denied and that certiorari was later denied by the Supreme Court of the United States. An answer to such petition was filed by the respondent, and the matter was set down for hearing, at which hearing the entire record of the jury trial in the state court, the record upon appeal in the Supreme Court of West Virginia, the briefs filed by counsel for petitioner upon such appeal, and the opinion of the Supreme Court of West Virginia affirming the conviction, were placed in evidence, and the case was submitted for decision. For reasons hereafter stated, the prayer of the petition for the issuance of a writ of habeas corpus must be denied and the petition dismissed.

The material facts are not in dispute. On June 29, 1957, a jury in the Common Pleas Court of Cabell County, West Virginia, returned a verdict of murder in the first degree without recommendation, and on August 2, he was sentenced to death by electrocution on September 27, 1957. A writ of error to that judgment was denied by the Circuit Court of Cabell County, after which an appeal was taken to the Supreme Court of Appeals of West Virginia. Defendant was represented at the trial and upon appeal by two attorneys. The conviction was affirmed by the Supreme Court of West Virginia on October 7, 1958. State v. Bruner, W.Va., 105 S.E.2d 140. The date of execution was again set for December 12, 1958. On November 28, 1958, a petition for writ of habeas corpus was filed in the Supreme Court of West Virginia, which was denied, to which action a petition for certiorari was filed in the Supreme Court of the United States. The Chief Justice of the United States on December 8, 1958, granted a stay of execution pending the disposition of the case in that court. After the petition for certiorari was denied, application was made by petitioner for reconsideration, which was denied in February, 1959, 79 S.Ct. 600. The date of execution was again set for March 27, 1959, but by order of the Governor of West Virginia this date was changed to April 3, 1959.

The petition here alleges four grounds for relief, as follow: (1) a fair trial was denied because of publicity prior to trial; (2) evidence was introduced which was illegally obtained; (3) counsel was refused sufficient time to pre-

pare a defense; and (4) inflammatory statements not supported by evidence and not related to the case were allowed.

Grounds 1, 2 and 4 were all raised by petitioner at his trial, and were again raised on appeal and were all decided adversely to him by the Supreme Court of Appeals of West Virginia. Each of these points was fully set forth in petitioner's brief, and each was discussed in the opinion of the court affirming the conviction. Grounds 2 and 4 were also raised by the petitioner in his petition for habeas corpus filed in the West Virginia Supreme Court, which was denied, to which denial the Supreme Court of the United States denied certiorari. Ground 3 was also raised in that same petition and decided adversely to petitioner. All four grounds alleged have been raised in the Supreme Court of West Virginia and decided adversely to petitioner, either upon his appeal or upon his petition in that court for writ of habeas corpus. State v. Bruner, supra. In Brown v. Allen, 1952, 344 U.S. 443, 73 S.Ct. 397, 411, 97 L.Ed. 469, the Court said:

"* * * As the state and federal courts have the same responsibilities to protect persons from violation of their constitutional rights, we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies."

To the same effect see Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

The following is from the opinion of Judge Parker, in Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, 731:

"He had an adequate remedy under state law of which he availed himself when he filed petition with the Supreme Court of Appeals for writ of habeas corpus; and, the fact that relief was denied on that appli-

cation gives rise to the inference, not that the remedy was inadequate, but that he was not entitled to relief."

In the recent case of Lee v. Smyth, 4 Cir., 262 F.2d 53, 55, Chief Judge Sobeloff stated:

"It is well settled that a federal district court need not consider a state prisoner's application for a writ of habeas corpus where the highest state court, presented with the same facts, has already determined the legality of the detention. Brown v. Allen, 1953, 344 U.S. 443, 465, 73 S.Ct. 397, 97 L.Ed. 469, applied by this court in Hunter v. Smyth, 1957, 249 F.2d 651."

Further authority for the same proposition is found in Speller v. Allen, 4 Cir., 192 F.2d 477, and several other cases cited therein.

Ground 1 was not raised in the petition for habeas corpus in the state court. The rule is well established that to invoke the jurisdiction of a federal district court in a habeas corpus proceeding, a state prisoner must affirmatively show that he has exhausted his state remedies, and this includes application to the Supreme Court of the United States for writ of certiorari where the highest court of the state has denied his petition. This means that he must first present the same points to the state courts by petition for writ of habeas corpus before applying to the federal district court for such relief. United States ex rel. Farmer v. Skeen, D.C.N.D.W.Va.1952, 107 F.Supp. 877; Milam v. Skeen, D.C.N.D.W.Va.1953, 117 F.Supp. 950.

Ground 4 to the effect that counsel was refused sufficient time to prepare a defense was not raised at the trial or upon appeal, but was raised for the first time by petitioner in his petition for habeas corpus in the West Virginia Supreme Court. Petitioner's remedy for error in matters of procedure at his trial was by appeal and not by writ of habeas corpus, and it is well settled that the writ of habeas corpus can not be used as a

substitute for appeal. In Riggs v. United States, 4 Cir., 14 F.2d 5, 10, certiorari denied 273 U.S. 719, 47 S.Ct. 110, 71 L.Ed. 857, it was held that habeas corpus " * * * cannot be availed of as an appeal in the criminal case, nor can the same be resorted to, to add to or amplify the record in a way not made in the criminal case, and presented therein."

In the case of Sanderlin v. Smyth, supra, Judge Parker said:

"Ordinarily, failure to raise a constitutional question during trial amounts to waiver thereof * *; and only where failure to raise the question at the trial was due to ignorance, duress or other reason for which petitioner should not be held responsible, may resort be had to habeas corpus in the federal courts, and, even in these cases, only where it is made to appear that there has been such gross violation of constitutional right as to deny to the prisoner the substance of a fair trial and thus oust the court of jurisdiction to impose sentence."

There is nothing in the petition, procedural history, or record, to show such a denial of a fair trial. As bearing on the question of whether counsel for petitioner had time to prepare a defense, the record shows that, in support of petitioner's application for change of venue, he offered the affidavit of his two attorneys, in which they stated that after being appointed by the court to represent defendant, they had each made "extensive interviews and investigations". This statement is also quoted in the opinion of the Supreme Court of West Virginia.

In Ex parte Hawk, supra, the Supreme Court pointed out the type of case in which the district court would be justified in granting habeas corpus notwithstanding the denial of relief by the highest court of the state. Those were cases "where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, * * * or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate." [321 U.S. 114, 64 S.Ct. 450.] White v. Ragen, 324 U.S. 760, 764, 765, 65 S.Ct. 978, 981, 89 L.Ed. 1348. The procedural history as set forth in the petition does not show this case to come within that category.

The relief asked in the petition is denied and the case is dismissed.