**Ruth M. FRUSH**

v.

**Charles E. HAMNER, Superintendent, Huntington State Hospital, Huntington, West Virginia.**

No. 970.

United States District Court
S. D. West Virginia,
at Huntington.

April 9, 1959.

---

284

Ruth M. Frush, pro se.

HARRY E. WATKINS, District Judge.

The petitioner, Ruth M. Frush, is presently confined in the Huntington State Hospital, Huntington, West Virginia, a mental institution, by order of a state court, and seeks her release by writ of habeas corpus. Briefly, she says that she is illegally detained because her constitutional rights were violated in connection with her arrest, hearing, and confinement; and, further, that the state statutes under which state authorities ordered her confinement, W.Va.Code C. 27, Art. 5, Sec. 1, et seq., are unconstitutional. Her petition was filed and an order entered permitting her to proceed in forma pauperis.

An examination of her petition for the writ fails to disclose that the petitioner has exhausted her available state corrective processes before applying to this court for relief, as required by 28 U.S.C.A. § 2254. The courts have consistently held that where a person is held by judgment of a state court in custody of a penal or mental institution, such person must first apply to the state courts for writ of habeas corpus before coming into the Federal courts. Urquhart v. Brown, 1900, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; United States ex rel. Bruner v. Adams, D.C.N.D.W.Va.,. 171 F.Supp. 266; Milam v. Skeen, D.C. N.D.W.Va.1953, 117 F.Supp. 950.

Further, it is quite clear that the State and Federal courts have the same responsibility to protect persons from an alleged violation of their constitutional rights, and the Federal courts may not act until the state remedies have been exhausted. Brown v. Allen, 1952, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; United States ex rel. Bruner v. Adams, supra. Here it is quite clear that petitioner has a remedy under state law, and she must avail herself of that remedy before applying to this court for relief.

For the same reason, the petition herein must be dismissed.

Petition dismissed.