UNITED STATES of America ex rel. Garland SPINKS, Petitioner,

v.

Charles A. ZELLER, M.D., Superintendent, Weston State Hospital, Weston, West Virginia, Respondent.

No. 656–F.

United States District Court
N. D. West Virginia,
at Fairmont.
Nov. 25, 1960.

J. Scott Tharp, Fairmont, W. Va., for petitioner.

W. W. Barron, Atty. Gen., of W. Va., and Clement R. Bassett, Asst. Atty. Gen., of W. Va., for respondent.

HARRY E. WATKINS, Chief Judge.

The petitioner, Garland Spinks, has written letters to this court, requesting a discharge from the Weston State Hospital, a state mental institution, located at Weston, West Virginia, in the Northern District of West Virginia. The letters were treated as a petition for a writ of habeas corpus, and petitioner was permitted to proceed in forma pauperis. The Attorney General of West Virginia has filed an answer to such petition in behalf of Charles A. Zeller, Superintendent of such institution, who is the respondent herein. As a part of such answer there are 18 exhibits, comprising the record of his arrest, hearing and commitment by the Mental Hygiene Commission of Greenbrier County, West Virginia, pursuant to the laws of West Virginia, his mental condition from time to time, his history in other mental institutions, and his record and history at the Weston State Hospital now having custody over him. Counsel was appointed for petitioner, and such counsel has examined the records pertaining to his commitment and has filed a memorandum herein. A memorandum has also been filed by the Attorney General of West Virginia.

From the pleadings and records now before the Court, the following facts appear: Petitioner was first committed to the Spencer State Hospital at Spencer, West Virginia, on November 12, 1957. This commitment was in accord with W. Va. Code, Ch. 27, Art. 5 (Michie 1955). The procedure followed consisted of a petition of a citizen of West Virginia that Garland Spinks be apprehended and brought before the County Mental Hygiene Commission, and that his mental condition be examined and determined. A hearing was duly held before the Commission, at which hearing petitioner was represented by an appointed Guardian Ad Litem. The hearing resulted in Spinks being committed to the state hospital at Spencer. An indeterminate period commitment was later issued, supported by certificate of two physicians.

On June 4, 1959, petitioner was released from Spencer State Hospital as "improved." This is pursuant to W. Va. Code, Ch. 27, Art. 7, § 2, but is not a "discharge" which would restore a patient to legal capacity. The release was effected pursuant to an application of petitioner's mother, who agreed in the application to take the best possible care of the petitioner.

After his release, his behavior was not satisfactory, and he was hospitalized at Weston State Hospital. The reason he was taken to Weston instead of back to Spencer is because he was on convalescent status in Greenbrier County, which is within the territory of Weston State Hospital. On August 26, 1960, petitioner was once again "released as improved." This release was brought about by a second petition by his mother. Again, this is not considered a "discharge," which would restore the patient to legal capacity.

The law is clear that a petitioner must first exhaust his state remedies before applying to a federal court for relief such as sought in the instant case. 28 U.S.C.A. § 2254. Petitioner has available to him in the State Court of West Virginia the remedy of habeas corpus. West Virginia Code, 53–4–1. The petitioner has failed to pursue available state remedies. No attempt at

either appeal of his commitment or a habeas corpus proceeding in the state court has been undertaken. For this reason the petition must be dismissed. Darr v. Burford, 1949, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Gusik v. Schilder, 1950, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146; Frush v. Hamner, D.C.S.D. W.Va.1959, 172 F.Supp. 283.

However, the petition has been read and considered on its merits, and I can find nothing therein which would justify this Court in granting the relief asked. Petitioner has been legally committed at the Spencer State Hospital and Weston State Hospital, pursuant to valid and proper orders of commitment entered under applicable law of West Virginia. Upon this record, the petition is dismissed without further hearing.