Willie SMITH, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia
State Penitentiary, Respondent.

Civ. A. No. 67–C–80–R.

United States District Court
W. D. Virginia,
Roanoke Division.
Dec. 1, 1967.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

No appearance for petitioner.

## OPINION and JUDGMENT

TED DALTON, Chief Judge.

This case comes before the Court upon a petition for a writ of habeas corpus by Willie Smith, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*.

Petitioner is now being detained pursuant to a judgment of the Circuit Court of Pulaski County on March 6, 1939, wherein petitioner was sentenced to serve a term of eighteen years in the penitentiary, having been convicted of housebreaking and burglary. This sentence was ordered to run consecutively to the sentences that had previously been imposed on petitioner.

■ Petitioner did not appeal his conviction. He sought state habeas corpus relief which was denied on August 30, 1966, after a plenary hearing before the Circuit Court of Pulaski County. On June 14, 1967 the Virginia Supreme Court of Appeals denied petitioner's writ of error to this judgment. Petitioner is, therefore, properly before this Court, having exhausted his presently available state remedies in compliance with 28

U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963).

The petitioner was indicted by a grand jury in February 1939 for housebreaking and burglary which allegedly occurred in Pulaski County during August 1936. At the time the indictment was returned petitioner was in custody serving a sentence for grand larceny in the Virginia State Penitentiary. Upon his indictment petitioner was transferred from the Virginia State Penitentiary to the Pulaski County Jail for a short time and then to the Wythe County Jail, Wytheville, Virginia. On March 6, 1936 petitioner was tried to the Court without a jury and upon his plea of guilty was sentenced to eighteen years in prison. Petitioner was represented by counsel at the trial.

■ Petitioner contends that he is entitled to habeas corpus relief on several grounds. His first ground is that he was deprived of his constitutional rights because he was not given a preliminary hearing. This claim is without merit. Under the Federal Constitution there is no requirement of a preliminary hearing. United States v. Luxenberg, 374 F.2d 241 (6th Cir. 1967), Graves v. Eyman, 373 F.2d 324 (9th Cir. 1967), Dillard v. Bomar, 342 F.2d 789 (6th Cir. 1965).

■ Petitioner also claims that there was no evidence to support the verdict. Petitioner, however, voluntarily pleaded guilty with the advice of counsel and with knowledge of the consequences of a plea of guilty. No evidence of guilt is required to render a judgment on a plea of guilty for the defendant himself has supplied the proof. Hobson v. Youell, 177 Va. 906, 15 S.E.2d 76 (1941). "By such a plea * * * the prosecution is relieved from the duty of proving any facts." Milan v. Skeen, 117 F.Supp. 950, 952 (N.D.W.Va.1953).

■ Petitioner further contends that the writ should issue because the Court did not make the appointment of his trial attorney a matter of record. He argues that the right to counsel is so fundamental and of such magnitude that

the appointment should be by order entered of record. However, the Court finds that the Sixth Amendment to the Constitution of the United States guarantees the right to counsel, not the right to have the appointment made a matter of record.

Petitioner's last contention is that he was inadequately represented by counsel. He first asserts that his representation was ineffective because his attorney was inexperienced. Petitioner maintains that his attorney's inexperience is shown by the fact that he had been practicing for only six months and that this apparently was his first felony case. But, there being no particular allegation or evidence of impropriety, these facts do not entitle petitioner to his discharge on habeas corpus. Inexperience of counsel alone is not grounds for habeas corpus relief. United States ex rel. Koffel v. Myers, 167 F.Supp. 510 (E.D.Pa.1958). Annot., 74 A.L.R.2d 1390, 1428 (1960).

Petitioner also contends the representation was ineffective because his attorney did not appeal the case. However, the failure of an attorney to perfect an appeal does not raise a constitutional question cognizable on federal habeas corpus. Owsley v. Cunningham, 190 F. Supp. 608 (E.D.Va.1961).

Petitioner finally contends that the posting of a guard in the same room with petitioner while he conferred with his attorney before trial prevented his attorney from rendering effective assistance to petitioner. Under the Sixth Amendment of the Federal Constitution an accused has the right to the assistance of counsel. And the assistance guaranteed by the Constitution must be effective. Haas v. United States, 344 F.2d 56 (8th Cir. 1965), Neufield v. United States, 73 U.S.App.D.C. 174, 118 F.2d 375 (1941). As a necessary part of the right to the assistance of counsel is the petitioner's right to consult and communicate with his attorney during the course of the proceedings. See United States v. Venuto, 182 F.2d 519 (3d Cir. 1950). Annot. 5 A.L.R.3d 1360 (1966). If the petitioner is not allowed the right of private consultation with his attorney, he is deprived of the effective aid of counsel. Coplon v. United States, 89 U.S. App.D.C. 103, 191 F.2d 749 (1951). However, the right to communicate is not unlimited because regulations and restrictions may be imposed. Krull v. United States, 240 F.2d 122 (5th Cir. 1957). One regulation is that guards may be placed in the conference room where it is deemed reasonably necessary. But an accused is not denied the effective assistance of counsel if the attending officer does not infringe on the privacy of the accused's conversation with his attorney or otherwise adversely interfere. In the present case petitioner's attorney sought to confer with petitioner immediately before trial, but the Court upon consideration of petitioner's previous record felt it necessary to place the guard in the court conference room. The guard was placed there as a precautionary measure but he in no way interfered with petitioner's conference or his attorney's undertaking to represent petitioner. Therefore, the Court finds that petitioner was not deprived of the effective assistance of counsel.

The petitioner's allegations that he was not advised of the right to a jury trial or of the consequences of a plea of guilty are not supported by the evidence.

Therefore, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.

The Clerk is directed to send a copy of this opinion and judgment to counsel of record and to the Petitioner.