Willie Edward DOUGLAS, Petitioner,

v.

COMMONWEALTH OF VIRGINIA and
Circuit Court of Pulaski County,
Respondents.

Civ. A. No. 71-C-2-R.

United States District Court,
W. D. Virginia,
Roanoke Division.

May 26, 1971.

Max Jenkins, Goldsmith & Jenkins, Radford, Va., for petitioner.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondents.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed in forma pauperis by Willie Edward Douglas, a state prisoner, pursuant to 28 U.S.C.A. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was transferred to this court by order dated January 7, 1971.

Petitioner is currently serving a sentence of twenty years, ten of which have been suspended, pursuant to a judgment of the Circuit Court of Pulaski County imposed on August 4, 1969 for grand larceny. Petitioner, represented by court appointed counsel, entered a plea of not guilty and was tried by a jury. Following his conviction petitioner

moved for a new trial based upon alleged jury impropriety and errors in the conduct of the trial. The motion was denied. His attorney then perfected an appeal to the Supreme Court of Appeals of Virginia which refused a writ of error and supersedeas.

Petitioner alleges that his conviction is constitutionally defective of the grounds a) that an in court identification by an eyewitness had been tainted by a prior illegal identification by the same eyewitness immediately after the police had apprehended the petitioner; b) that the opening statement of the Commonwealth Attorney tended to prejudice the jury; c) that a statement by a juror tended to show that the jury had acted improperly in its deliberations; and d) that he did not receive effective assistance of counsel.

■■ The opening statement of the Commonwealth Attorney was objected to at the time by counsel for the petitioner and the point was also raised on direct appeal to the Supreme Court of Appeals. Accordingly, the court feels that the petitioner has adequately presented his contention to the state courts and has exhausted his state remedies. 28 U.S.C.A. § 2254. In the statement complained of, the Commonwealth Attorney indicated that the evidence would show that the defendant was involved with two other men in the larceny in question. Petitioner's counsel objected that this statement was improper because his client was not charged with having taken part in a conspiracy. The court overruled the motion. Since the evidence did reveal that three men apparently acted in concert to accomplish the larceny, the court sees no impropriety in the opening statement. Even assuming for the sake of argument, however, that the statement was improper, there is certainly no indication that the jury could have been so influenced by it that the petitioner was deprived of his constitutional right to a fair trial. This contention is without merit.

Petitioner's contention concerning an improper statement by a juror was also presented to the trial court and on direct appeal to the Supreme Court of Appeals of Virginia. Counsel for the petitioner has since abandoned that allegation as factually erroneous. Investigation revealed that the statement alleged to have been made after the trial by a juror was actually made, if at all, by a person who had absolutely no connection with the case. Clearly counsel was correct in abandoning this allegation because a statement by some member of the community indicating his own personal prejudice or harshness certainly does not impeach the jury's verdict.

■ The petitioner apparently has not presented his objection concerning the in court identification to either the trial court or the Supreme Court of Appeals. At the trial his counsel was successful in preventing the eyewitness from testifying about the circumstances surrounding his first identification of the petitioner but the record demonstrates no attempt to exclude the in court identification itself. The petitioner has not exhausted his state remedies on this point as required by 28 U.S.C.A. § 2254. He should advance this contention in the state courts by way of a petition for a writ of habeas corpus.

Although the petitioner has not specifically urged in the state courts his allegation concerning ineffective counsel, the trial court in its judgment order certified that the "attorney * * * capably represented the defendant * * *" While the petitioner should perhaps be properly relegated to his state remedies on this question the court allowed counsel for the petitioner to argue this issue on the merits and to produce the petitioner's trial counsel for the purpose of testifying.

■ The only real basis for the allegation of ineffective counsel which was advanced by petitioner is that the attorney was relatively new to the practice of law and that this case was his first serious felony case tried before a jury. Neither lack of diligence or preparation nor an indication that the attorney should have done something more was

shown. Testimony revealed that the attorney in question received both his undergraduate and law degrees at the College of William and Mary. Subsequent to these achievements he undertook graduate work with special attention to criminal law at the School of Law of Duke University and received a graduate degree in law at the conclusion of his studies. Testimony further revealed that he spent long hours in the preparation of this case by interviewing all material witnesses and then consulting with and asking the help of more experienced lawyers in his firm. Contact was made with the Commonwealth Attorney as to what kind of recommendation would be forthcoming as to punishment if a guilty plea were made. The answer was then relayed to the petitioner who felt it to be too harsh and who decided that he wanted a jury trial, which he received. A reading of the trial transcript indicated vigorous representation of the defendant's interests. Furthermore, the appointment of the attorney in question to this case was confirmed by the Honorable Alex M. Harman, Jr., who is now a distinguished Justice of the Supreme Court of Appeals of Virginia and who undoubtedly would not have appointed an attorney who he felt to be inexperienced to give the accused competent representation. It might also be said that the attorney whose representation is now being attacked impressed this court as a sincere and diligent young man whose presence in the legal profession is gratifying.

It certainly has not been the law that mere inexperience on the part of counsel, in the absence of anything more, demonstrates that the defendant has been denied his right of adequate assistance of counsel. *See* Smith v. Peyton, 276 F.Supp. 275, 277 (W.D.Va.1967). If the petitioner's argument were to be accepted, trial courts would be hesitant to appoint young attorneys to represent persons accused of crime or, conversely, many convictions would have to be overturned for no sound reason. As a practical matter this court has had the experience that the enthusiasm and diligence of young lawyers more than make up for that comparative lack of experience which can only be gained with age. If the attorney makes any serious errors, these can be corrected by the trial court or raised at a later time but no such errors are indicated in this case.

Upon the reasoning stated above, it is the court's opinion that the petition for a writ of habeas corpus should be and hereby is dismissed.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within 30 days a notice of appeal with the clerk of *this* court. Failure to file a notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

a) the judgment, order, or part thereof appealed from;

b) the party or parties taking the appeal; and

c) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.