[Civ. No. 48133. First Dist., Div. Four. Apr. 28, 1980.]

KEVIN HUGHES, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Jeff Brown, Public Defender, Pillsbury, Madison & Sutro, Noble K. Gregory, Ronald E. Van Buskirk and William O. Fisher for Petitioner.

George Agnost, City Attorney, and Burk E. Delventhal, Deputy City Attorney, for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**POCHÉ, J.**—We review an adjudication of contempt for an attorney's refusal to obey a trial court's order to proceed to trial.

Petitioner, a deputy public defender, had been assigned to two cases on the trial calendar of Monday, July 2, 1979—the "Body" case and the "Holloway" case, both of which were complex, involving charges of assault with intent to commit murder. On the preceding Friday, he attempted to obtain an indication from the master calendar department as to the order in which the cases would go to trial, and was told that all else being equal the "older" of the two, i.e. the "Holloway" case, would go first. Petitioner therefore "took a chance" and prepared the "Holloway" case over the weekend. On Monday, July 2, the district attorney's office insisted on proceeding at once with the "Body" case for which it had transported a medically incapacitated witness from Los Angeles to San Francisco. Petitioner sought a continuance but his motion was denied by the judge presiding over the master calendar.

In the trial department petitioner renewed his motion for a continuance. Mr. Brown, the San Francisco Public Defender, and Mr. Lefcourt, petitioner's supervisor, assured the court that petitioner had not been lacking in diligence in preparing his cases. The court was advised that there was "a serious psychiatric issue" upon which petitioner was unprepared to proceed.

When the trial court denied the continuance, petitioner declined to participate: "I do not feel that I can ethically participate in a trial where I know that my client will not receive a fair trial because I am unprepared. I feel that would be a violation of my oath as an attorney." The court ordered petitioner to be in the courtroom in 10 minutes for jury selection. Petitioner did so, once again requesting a continuance. The court warned petitioner that if he persisted in his refusal to participate he would be in contempt of court. Petitioner answered that he had no further explanation or excuse.

██ The trial court found that petitioner's refusal to obey the order to participate in jury selection and trial was without sufficient reason or excuse, and ordered him to pay a fine of $250 or to serve five days in the county jail. This proceeding followed.

An attorney is in a distinctive relationship to the court. Ordinarily he must yield to a ruling of the court and await the orderly disposal of his objection through the appellate courts. (*Hawk* v. *Superior Court* (1974) 42 Cal.App.3d 108, 126-127 [116 Cal.Rptr. 713].) What distinguishes this situation from that in which an attorney is held in contempt for interfering with the orderly administration of justice is the nature of

petitioner's dilemma and the inadequacy of normal procedures to ultimately vindicate his client's rights. Petitioner told the trial court that he could not give constitutionally adequate representation to his client because in addition to his general failure to prepare the case, he had been unable to interview the psychiatrist appointed by the court to examine the defendant.

Clearly petitioner's client was entitled to effective assistance of counsel, one aspect of which is the investigation and presentation of crucial defenses. (See *People* v. *Frierson* (1979) 25 Cal.3d 142, 159-160 [158 Cal.Rptr. 281, 599 P.2d 587]; *In re Saunders* (1970) 2 Cal.3d 1033, 1048-1049 [88 Cal.Rptr. 633, 472 P.2d 921]; *People* v. *Corona* (1978) 80 Cal.App.3d 684, 705-719 [145 Cal.Rptr. 894]; *In re Kubler* (1975) 53 Cal.App.3d 799, 805-806 [126 Cal.Rptr. 25]; *Brubaker* v. *Dickson* (9th Cir. 1962) 310 F.2d 30, 38-39.) ■ To force an unprepared counsel to proceed to trial regardless of the reasons for the lack of preparedness would result in a violation of constitutional rights. "[I]t is a denial of the accused's constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel." (*White* v. *Ragen* (1945) 324 U.S. 760, 764 [89 L.Ed. 1348, 1352, 65 S.Ct. 978]; see also *Powell* v. *Alabama* (1932) 287 U.S. 45, 49 [77 L.Ed. 158, 160-161, 53 S.Ct. 55, 84 A.L.R. 527].) If counsel had obeyed the court's order to proceed, his compliance would have denied his client a fair trial.

Further, counsel could be far from certain that the denial of adequate representation would be remedied. Any lawyer worth his salt recognizes that denial of adequate representation is difficult for appellate courts to assess after the fact. (See, e.g., *People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859]; *People* v. *Piper* (1980) 103 Cal. App.3d 102 [162 Cal.Rptr. 833].) Although it is possible to obtain a reversal for ineffective assistance of counsel (*People* v. *Nation* (1980) 26 Cal.3d 169 [161 Cal.Rptr. 299, 604 P.2d 1051]), defendant has a heavy burden to carry on appeal. That burden is obviously made more difficult when the ineffectiveness stems from counsel's failure to investigate.

Petitioner's dilemma here bears a significant resemblance to that in *Maness* v. *Meyers* (1975) 419 U.S. 449 [42 L.Ed.2d 574, 95 S.Ct. 584], in which a witness asserted his Fifth Amendment right in refusing to produce material demanded by a subpoena duces tecum. The court ordered him to produce the material, and his attorney was held in con-

tempt for advising his client in court not to comply in the good faith belief that it might tend to incriminate the client. The United States Supreme Court held that the attorney was not subject to contempt for his disobedience, but could seek precompliance review by this method. "To hold otherwise would deny the constitutional privilege against self-incrimination the means of its own implementation. When a witness is so advised the advice becomes an integral part of the protection accorded the witness by the Fifth Amendment." (*Id.*, at p. 468 [42 L.Ed.2d at p. 589].) Usual procedures were inadequate to guard the privilege because the incriminating material would have been turned over before review was possible.

Here, petitioner was unprepared on at least one crucial aspect of the case. He could make, at most, an uncertain record for appeal because he could not reveal to the potential jurors the outlines of a psychiatric defense prior to its investigation. There was insufficient time to seek extraordinary relief. The course he chose was thus reasonably necessary to protect his client's Sixth Amendment rights.

■ The trial court's error was in finding that there was insufficient reason or excuse for petitioner's refusal to obey the court's order to proceed with trial. The sufficient reason was the protection of his client's constitutional right to adequate representation at trial irrespective of the reason for inadequacy. We emphasize that this is significantly different from a determination that petitioner had no sufficient reason for being unprepared. Nothing in this opinion restricts the power of the trial court to impose substantial sanctions of contempt on an attorney who indicates that his case is "ready" and then is unprepared at the scheduled time to proceed. The difference between failing without just cause to be ready for trial and failing to obey a court order to proceed to trial because counsel is unprepared is not semantic. The former can be dealt with by the trial court with the same contempt sanctions as were utilized here without jeopardizing the rights of the contemner's client to assistance of adequately prepared counsel.

Our decision in no way places management of the criminal trial calendar in the hands of counsel. Managing the unmanageable is difficult enough. Here we review only the contempt order imposed for petitioner's failure to proceed to trial. Because the record before us is limited, we express no opinion as to whether the trial court would have been justified in finding petitioner in contempt for announcing both cases

"ready," when in fact that was true of only one case, or for his failure to be ready on both cases.

A writ of prohibition will issue as prayed.

Caldecott, P. J., and Rattigan, J., concurred.