Filed 6/3/25

# CERTIFIED FOR PUBLICATION

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE, | B337664 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA087587) |
| v. | |
| DANIEL TOMAS GRAJEDA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Reversed with directions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, John Yang and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

# INTRODUCTION

In 2012 a jury found Daniel Tomas Grajeda guilty of first degree murder and possession of a firearm by a felon.  The jury also found true gang and firearm allegations, and the trial court found true allegations Grajeda had served four prior prison terms.  The trial court ultimately sentenced Grajeda to an aggregate prison term of 59 years to life.

In 2024 the superior court held a resentencing hearing under Penal Code, section 1172.75,[1] at which Grajeda appeared remotely.  At the beginning of the hearing the court denied Grajeda's request to postpone the hearing to allow him to speak with his attorney.  The court resentenced Grajeda to an aggregate prison term of 50 years to life.

Grajeda argues the superior court abused its discretion in denying his request to continue the hearing and declining to hear argument on whether to strike the firearm enhancement.  He also argues he received ineffective assistance of counsel.  We conclude that, once the court determined Grajeda's sentence included legally invalid enhancements, Grajeda was entitled to a full resentencing and had a constitutional right to effective assistance of counsel at the resentencing hearing.  We also conclude the court violated that right by refusing to grant Grajeda a short continuance, or even to take a brief break, to allow him to speak with his attorney before the court resentenced him and imposed judgment.  Therefore, we reverse.

---

[1]     Statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *A Jury Convicts Grajeda of First Degree Murder, and the Trial Court Sentences Him*

In 2012 a jury convicted Grajeda of first degree murder (§ 187, subd. (a)) and found true allegations he personally used a firearm (§ 12022.53, subd. (b)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). The jury also convicted Grajeda of possession of a firearm by a felon (former § 12021, subd. (a)(1)) and found true allegations he committed both crimes for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1)(C). The trial court found Grajeda had served four prior prison terms, within the meaning of section 667.5, former subdivision (b).

The trial court sentenced Grajeda to an aggregate prison term of 62 years to life. On the murder conviction the court imposed a term of 25 years to life, plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d). On the conviction for possession of a firearm by a felon the court sentenced Grajeda to the upper term of three years, to be served consecutively, plus five years for the gang enhancement and four years for the prior prison term enhancements. In Grajeda's direct appeal, we directed the trial court to reduce the term for the gang enhancement from five years to two years, and otherwise affirmed the judgment. (*People v. Grajeda* (Nov. 18,

2014, B244153) [nonpub. opn.].)  The trial court resentenced Grajeda to an aggregate prison term of 59 years to life.

    B.    *The Superior Court Denies Grajeda's Request To Continue the Resentencing Hearing Under Section 1172.75 To Allow Him To Speak with His Lawyer*

In 2021 the Legislature declared legally invalid prior prison term enhancements imposed, like Grajeda's, under section 667.5, former subdivision (b), before January 1, 2020, except those arising from convictions for sexually violent offenses.  (Stats. 2021, ch. 728, § 3.)  The Legislature enacted section 1172.75, which provided a procedure for resentencing inmates serving terms that included the now-invalid enhancements.  (§ 1172.75, subd. (a).)

In 2022 the superior court reviewed Grajeda's sentence, determined he was entitled to resentencing under section 1172.75, and scheduled a status conference.  In January 2024 counsel for Grajeda filed a resentencing memorandum asking the superior court to strike the four prior prison term enhancements, vacate the two-year gang enhancement, and resentence Grajeda to 53 years to life. Counsel did not ask the court to strike the firearm enhancement under section 12022.53, subdivision (d).  Counsel described Grajeda's accomplishments while incarcerated:  Grajeda was classified at the least restrictive security level for his offense; had only three minor rules violations; had earned his General Equivalency Diploma; had worked as an industrial painter, canteen worker, and porter; and was engaged in rehabilitative case planning.

In March 2024 Grajeda appeared at the resentencing hearing remotely; his attorney appeared in person. When the superior court asked Grajeda whether he agreed to participate remotely rather than in person, Grajeda said: "Yes, ma'am, I do. I would like to do it on web cam, but . . . I want to postpone this court date so I can talk to my lawyer about something." The court responded: "Well, that's not going to happen here today. There's been ample opportunity, and everybody's here and ready to go, unless there's agreement to a continuance with both counsel." The court asked counsel for Grajeda: "Did you talk to your client about a continuance and need a good cause continuance for some reason?" Counsel said that she had not spoken with Grajeda and that sometimes she did not answer calls from prison when she was driving. The court asked: "Are you ready to proceed with this hearing today?" Counsel responded: "This is my third appearance on it. I've been ready, but separate and apart from what he says, I don't know what he would be adding." The court stated: "Well, this case has been going on long enough. I'm going to proceed with the hearing today."

The prosecutor agreed with counsel for Grajeda's request to strike the four prior prison term enhancements and the two-year gang enhancement. The court struck those enhancements, ordered Grajeda to serve the term for possession of a firearm by a felon concurrently with (rather than consecutive to) the term for murder, and resentenced Grajeda to 50 years to life. At the end of the hearing Grajeda said: "Your honor, I wanted to put on record that I wanted to talk to my lawyer before so that she could put in the [Senate Bill No.] 620 that she didn't put . . . on my

motion."[2]  The court stated:  "I appreciate that, Sir, but I'm not going to reconsider sentencing pursuant to [Senate Bill No. 620] or any of the other resentencings, [section] 1172.1.  I'm not going to reconsider resentencing under either of those statutes at this point in time, which is always an option with this particular code section, whether you set it or not.  I am abundantly aware of it.  If she [referring to counsel for Grajeda] wants to file a different motion on your behalf, you can do that."  Grajeda timely appealed.

## DISCUSSION

### A.    *Section 1172.75*

Section 1172.75, subdivision (a), states:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  (See *People v. Garcia* (2024) 101 Cal.App.5th 848, 854-855.)  Section 1172.75, subdivision (b), requires the Department of Corrections and Rehabilitation to identify individuals serving terms that include no-longer-valid enhancements.  After the superior court verifies a judgment includes an invalid enhancement, the court must "recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  Section 1172.75, subdivision (d)(5), requires the court to appoint

---

[2]      As we will discuss, "Senate Bill 620 amended section 12022.53, subdivision (h) by granting trial courts the discretion to strike formerly mandatory section 12022.53 enhancements."  (*People v. McDavid* (2024) 15 Cal.5th 1015, 1021.)

6

counsel to represent the defendant.  Section 1172.75, subdivision (d)(2), provides the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  "'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements.'"  (*Garcia*, at p. 855.)  "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)

B.    *Section 12022.53, Subdivision (h)*

Effective January 1, 2018, Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 1) amended section 12022.53, subdivision (h), to give the trial court discretion to strike under section 1385 formerly mandatory firearm enhancements imposed under section 12022.53.  (See *People v. McDavid* (2024) 15 Cal.5th 1015, 1021; *People v. Tirado* (2022) 12 Cal.5th 688, 692.)  Effective January 1, 2022, the Legislature added section 1385, subdivision (c).  Section 1385, subdivision (c)(1), states:  "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so."  In exercising its discretion under section 1385 the court must consider various mitigating circumstances, including whether an

7

enhancement "could result in a sentence of over 20 years." (§ 1385, subd. (c)(2)(C).)  The court's discretion to strike an enhancement under section 12022.53 "applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h); see *People v. Monroe* (2022) 85 Cal.App.5th 393, 399-400 [a defendant entitled to resentencing under section 1172.75 may request relief under Senate Bill No. 620].)

### C.   *The Superior Court Abused Its Discretion in Denying Grajeda an Opportunity To Speak with His Attorney*

#### 1.   *Applicable Law*

A court may grant a continuance in a criminal case "upon a showing of good cause."  (§ 1050, subd. (e).)  "A trial court has broad discretion to grant or deny continuances."  (*People v. Mora and Rangel* (2018) 5 Cal.5th 442, 508; see *People v. Jenkins* (2000) 22 Cal.4th 900, 1037.)  "The court considers "'not only the benefit which the moving party anticipates but also the likelihood that such benefit will result, the burden on . . . witnesses, jurors and the court and, above all, whether substantial justice will be accomplished or defeated by a granting of the motion."'"  (*Jenkins*, at p. 1037; see *People v. Doolin* (2009) 45 Cal.4th 390, 450.)  We review an order denying a request for a continuance for abuse of discretion.  (*Mora and Rangel*, at p. 508; *Jenkins*, at p. 1037.)

Notwithstanding the court's broad discretion in deciding whether to grant a continuance, "when a denial of a continuance impairs the fundamental rights of an accused, the trial court abuses its discretion."  (*People v. Fontana* (1982) 139 Cal.App.3d 326, 333; see *Morris v. Slappy* (1983) 461 U.S. 1, 11-12 ["an

8

unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel"]; *People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 797 [same]; *People v. Mora and Rangel*, *supra*, 5 Cal.5th at p. 508 [same]; see also *Hughes v. Superior Court* (1980) 106 Cal.App.3d 1, 4 [it "'is a denial of the accused's constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel'"].)

A "criminal defendant has a constitutional right to counsel, guaranteed by the Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution, "'at all critical stages of the criminal process'" [citation], including sentencing and resentencing hearings." (*People v. Foley* (2023) 97 Cal.App.5th 653, 659; see *People v. Rouse* (2016) 245 Cal.App.4th 292, 297 [a "defendant is entitled under state and federal law to the assistance of counsel when a sentence is vacated on appeal and remanded for a new sentencing hearing"].)[3]  The right to counsel "'entitles the defendant not to some bare assistance but rather to *effective* assistance.'"  (*People v. Staten* (2000) 24 Cal.4th 434, 450; see *People v. Ledesma* (1987) 43 Cal.3d 171, 215.)  In addition, it "is well established that due process requires an incarcerated defendant be afforded the right to counsel in various circumstances where the Sixth Amendment

---

[3]     At our request the parties filed supplemental briefs on whether the superior court's order denying Grajeda's request to continue the resentencing hearing to allow him to speak with his attorney violated Grajeda's Sixth Amendment right to effective assistance of counsel or his right to consult with his attorney and, if so, whether the error was prejudicial.

9

does not" (*Rouse*, at p. 300), such as a "criminal appeal as of right" (*In re Barnett* (2003) 31 Cal.4th 466, 472) and a "habeas corpus or *coram nobis* proceedings after a defendant establishes a prima facie case for postconviction relief" (*People v. Delgadillo* (2022) 14 Cal.5th 216, 228).

Although the defendant does not have a constitutional right to counsel at the initial eligibility stage of a statutory resentencing process (*People v. Lewis* (2021) 11 Cal.5th 952, 973; *People v. Frazier* (2020) 55 Cal.App.5th 858, 867), once the defendant states a prima face case for relief or reaches the resentencing stage, the defendant has that right. (*People v. Rouse*, *supra*, 245 Cal.App.4th at p. 298.) For example, a defendant has a constitutional right to effective assistance of counsel at an evidentiary hearing under section 1172.6 (*People v. Foley*, *supra*, 97 Cal.App.5th at p. 659), at a resentencing hearing under section 1172.1 (*People v. Ruiz* (2023) 89 Cal.App.5th 324, 334), at a resentencing hearing under section 1170.18 (Proposition 47) (*Rouse*, at p. 299), and at a hearing to vacate a conviction or sentence under section 1473.7 (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 981). By the same token, a defendant has a constitutional right to the effective assistance of counsel at a resentencing hearing under section 1172.75, whether under the Sixth Amendment (see *Foley*, at p. 659), the Due Process Clause (see *Fryhaat*, at p. 981[4]; see also *Lewis*, at p. 973 ["'if a [habeas corpus] petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns'"]), or both (see *Rouse*, at p. 300).

---

[4] The court in *People v. Fryhaat*, *supra*, 35 Cal.App.5th 969 relied on due process and equal protection. (See *id.* at p. 981.)

By the time of the resentencing hearing under section 1172.75, the court has verified the defendant's judgment includes an invalid enhancement, and the defendant is entitled to a full resentencing. (§ 1172.75, subd. (c); see *People v. Garcia*, *supra*, 101 Cal.App.5th at p. 855.) By requiring the superior court in section 1172.75 to "recall the sentence and resentence the defendant" once the court determines the judgment includes a "legally invalid" enhancement, the Legislature effectively directed the superior court to proceed directly to resentencing without issuing an order to show cause, triggering a constitutional right to counsel.

2.      *The Superior Court Erred in Denying Grajeda the Right To Communicate with His Attorney*

The superior court abused its discretion in denying Grajeda's request to postpone the hearing to allow him to speak with his attorney. At the beginning of the hearing Grajeda said he wanted to speak with his lawyer, who admitted she had not spoken with Grajeda before the hearing. At the end of the hearing Grajeda clarified he had wanted to speak with his lawyer about Senate Bill No. 620 and about asking the superior court to strike his firearm enhancements under section 12022.53, as amended by Senate Bill No. 620. Grajeda was entitled to a full resentencing under section 1172.75, and his right to effective assistance of counsel included the right to consult with his lawyer about what relief to seek. (See *People v. Kocontes* (2022) 86 Cal.App.5th 787, 873 ["A basic part of a defendant's right to counsel is that of consultation whenever necessary."]; *People v. Zammora* (1944) 66 Cal.App.2d 166, 235 [defendant has a constitutional right "to be so situated [in the courtroom] that he

11

can freely and uninterruptedly communicate and consult with his attorney"].)

Had Grajeda appeared in person at the hearing, the superior court might have allowed him to speak with his attorney, and Grajeda might have been ready to proceed at that time. Though Grajeda waived his right to appear in person (see § 1172.75, subd. (e) ["the resentencing hearing may be conducted remotely through the use of remote technology, if the defendant agrees"]), he did not waive his right to (effective) counsel, and a defendant appearing remotely must be able to communicate confidentially with his or her lawyer during the hearing. (See *People v. Whitmore* (2022) 80 Cal.App.5th 116, 128 [any error in requiring a defendant to appear remotely was harmless where the defendant "was adequately represented by and able to communicate with his defense counsel"]; see also *People v. Kocontes, supra,* 86 Cal.App.5th at p. 873 [COVID-19 pandemic rules requiring the defendant to wear a face mask and sit six feet from his lawyer did not violate the defendant's right to assistance of counsel, where "the communication between [the defendant] and his counsel was unimpeded"].)

Although Grajeda phrased his request as one to "postpone" the resentencing hearing, a brief recess to allow him to speak with his lawyer probably would have been sufficient.[5] Any

---

[5] The People argue that "the court imposed no impediment" to Grajeda's right to communicate with his lawyer and that "nothing prevented" Grajeda or his lawyer from "temporarily interrupt[ing] the proceeding so as to confer with each other prior to pronouncement of judgment." The practical effect of the court's order denying Grajeda's request, however, was to prevent him from speaking with his lawyer before the court resentenced him.

12

burden on the court and counsel from such a recess would have been minimal. Even continuing the hearing for a few hours or days would not have imposed much of a burden. Unlike a motion to continue a trial, there was no need here to consider the schedules or conveniences of witnesses or jurors. (Cf. *People v. Mora and Rangel, supra*, 5 Cal.5th at p. 508 [during a trial the burden of "assembling the witnesses, lawyers, and jurors at the same place at the same time . . . counsels against continuances except for compelling reasons"].) And the potential benefit to Grajeda was significant: Not only would he have had a full and fair opportunity to consult with his attorney about the legal issues involved in the proceeding, but had Grajeda and his attorney persuaded the court to exercise its discretion to strike the firearm enhancement, Grajeda's minimum parole eligibility may have been reduced by 50 percent, from 50 years to 25 years, a meaningful reduction for Grajeda, who was 29 years old when he was taken into custody. Given the significant potential benefit to Grajeda of asking the court to address (and having his attorney argue that and why the court should address) the firearm enhancement, and the minor burden to the court of a delay, granting the continuance would have accomplished "substantial justice." (*People v. Jenkins, supra*, 22 Cal.4th at p. 1037; see *People v. Jacobs* (2007) 156 Cal.App.4th 728, 738 [court abused its discretion in refusing to continue a sentencing hearing for two days to allow the trial judge to sentence the defendant]; *Norde v. Keane* (2d Cir. 2002) 294 F.3d 401, 414 [district court's denial of defense counsel's request for a "brief adjournment" to consult with the defendant after the defendant was removed from the courtroom during jury selection "amounted to an unreasoning and arbitrary insistence upon

13

expeditiousness," and "any concerns regarding a delay in the proceedings were outweighed by the importance of consultation between attorney and client"].)

### 3. *The Error Was Presumptively Prejudicial*

The People argue any error in denying Grajeda's request to continue the hearing was harmless because the superior court declined to exercise its discretion under section 12022.53, subdivision (h), to strike the firearm enhancement. Alternatively, the People argue, "a remand would not lead to a different outcome" because the court stated it was "well aware" of its authority under Senate Bill No. 620, the court "already rewarded" Grajeda for his prison conduct by making the three-year sentence concurrent, and "the facts of the case militated against striking the firearm enhancement because the firearm was central to" Grajeda's crime.[6]

---

[6] In their supplemental brief the People argue that any error was harmless "because the trial court, at the end of the hearing, indicated that it would entertain any motion counsel wished to bring in the future regarding the striking of enhancements pursuant to [Senate Bill No.] 620" and that Grajeda could have "brought such a motion at any point before the judgment was sent to prison authorities for execution." Although the trial court stated counsel for Grajeda could file a "different motion" if she wanted the court to consider exercising its discretion to strike the firearm enhancement, it is not clear what motion Grajeda could have filed once the court had resentenced him under section 1172.75. Senate Bill No. 620 authorizes a court to strike an enhancement during "any resentencing that may occur pursuant to any other law" (§ 12022.53, subd. (h)), but it does not authorize a defendant to seek retroactive relief under

14

Grajeda, however, did not have to show the outcome would have been different absent the error. Although a defendant claiming his attorney's inadequate performance deprived him of effective assistance of counsel must show "'the deficient performance prejudiced the defense', . . . direct governmental interference with the right to counsel is a different matter." (*Perry v. Leeke* (1989) 488 U.S. 272, 279; see *United States v. Roy* (11th Cir. 2017) 855 F.3d 1133, 1148.) Prejudice is presumed "where a defense attorney is prevented from, or impeded in, rendering assistance of counsel to his client because of an unconstitutional statute or court order." (*Roy*, at p. 1148; see *Strickland v. Washington* (1984) 466 U.S. 668, 692 ["various kinds of state interference with counsel's assistance" are "presumed to result in prejudice"]; *People v. Ledesma*, *supra*, 43 Cal.3d at p. 217 [same].) "Government violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense." (*Strickland*, at p. 686; see *Perry*, at p. 280.)

For example, in *Geders v. United States* (1976) 425 U.S. 80 (*Geders*) the district court barred the defendant from speaking with his attorney during an overnight recess between the

---

section 12022.53, subdivision (h), absent an independent ground for resentencing. (*People v. Johnson* (2019) 32 Cal.App.5th 938, 941; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.) The case the People cite, *People v. Karaman* (1992) 4 Cal.4th 335, does not address that procedural obstacle to seeking resentencing under section 12022.53, subdivision (h). (See *Karaman*, at p. 350 [trial court can exercise its discretion to reduce "the defendant's prison sentence prior to commencement of execution of (or restraint by) that sentence"].)

defendant's direct and cross-examination. (*Id.* at p. 82.) Observing it is "common practice" during an overnight recess "for an accused and counsel to discuss the events of the day's trial" to make "tactical decisions" and to review strategies (*id.* at p. 88), the United States Supreme Court held the district court's order "impinged upon his right to the assistance of counsel guaranteed by the Sixth Amendment" without requiring the defendant to show prejudice. (*Id.* at p. 91; see *United States v. Triumph Capital Group, Inc.* (2d Cir. 2007) 487 F.3d 124, 131 ["it is well settled that, in the *Geders* context, 'a violation of a defendant's Sixth Amendment right to counsel . . . constitutes a structural defect which defies harmless error analysis and requires automatic reversal"]; *United States v. Sandoval-Mendoza* (9th Cir. 2006) 472 F.3d 645, 651 ["trial courts may prohibit all communication between a defendant and his lawyer during a brief recess before or during cross-examination, but may not restrict communications during an overnight recess"]; *United States v. Santos* (7th Cir. 2000) 201 F.3d 953, 966 ["[v]iolations of the rule against flatly prohibiting consultation between a criminal defendant and his lawyer during a substantial recess are treated as complete denials of counsel (even though they are of limited duration), and so require reversal even if no prejudice is shown"]; *Mudd v. United States* (D.C. Cir. 1986) 798 F.2d 1509, 1510 ["an order that denies a criminal defendant the right to consult with counsel during a substantial trial recess, even though limited to a discussion of testimony, is inconsistent with the sixth amendment of the Constitution," and "the harm caused by this violation is such that reversal is required without a showing of actual prejudice"]; cf. *People v. Hernandez* (2012) 53 Cal.4th 1095, 1106 [prejudice was not presumed where the

defendant "was at all times free to consult with his attorney generally about trial tactics and defense strategy, and although he was not fully informed about [a witness's] probable testimony before [the witness] took the stand, he was not prevented from discussing how to respond to [the witness's] testimony after hearing it"]; *United States v. Ahmed* (11th Cir. 2023) 73 F.4th 1363, 1374 [to "secure a reversal under *Geders*, [the defendant] must establish that the government or a court—not his own lawyer—deprived him of the opportunity to communicate"].)

As in *Geders*, *supra*, 425 U.S. 80, the superior court's refusal to allow Grajeda to consult with his lawyer impermissibly impeded his lawyer's ability to provide effective assistance of counsel at the resentencing hearing. Although Grajeda was represented by counsel at the hearing, the superior court, by denying Grajeda's request to speak with his attorney, prevented Grajeda from discussing with his attorney the possibility and prospects of asking the court to strike the firearm enhancement, which added a term of 25 years to life to his sentence. A defendant like Grajeda facing an indeterminate prison term of 50 years to life deserves an opportunity to discuss with his attorney the legal basis for the sentence and what, if anything, can be done about it, regardless of the likelihood of success of a particular legal or factual argument.

Because the superior court's order violated Grajeda's right to communicate with his attorney, it was presumptively prejudicial. A contrary rule—requiring Grajeda to show prejudice—would require us to speculate about what Grajeda would have said to his attorney, how his attorney would have responded, what argument his attorney might have made for striking the firearm enhancement, and whether the court would

17

have been persuaded by it.  (See *People v. Hernandez, supra*, 53 Cal.4th at p. 1107 [when counsel is prevented from assisting the defendant during a critical stage of a proceeding, "the nature of the imposition on the right to counsel [makes] it difficult to assess its effect on the outcome of the trial"]; *United States v. Hamilton* (9th Cir. 2004) 391 F.3d 1066, 1071 [When "'counsel is prevented from discharging his [or her] normal functions' . . . 'the evil lies in what the attorney does not do, and is either not readily apparent on the record, or occurs at a time when no record is made.  Thus an inquiry into a claim of harmless error here would require, unlike most cases, unguided speculation.'"].) What good is having an attorney in a criminal case if the court won't let you speak with her?

## DISPOSITION

The judgment is reversed.  The superior court is directed to give Grajeda an opportunity to speak with his attorney and, after doing so, hold another resentencing hearing under section 1172.75 and any other applicable ameliorative legislation.


SEGAL, J.

We concur:


MARTINEZ, P. J.


FEUER, J.

18